**MARC A. LIEBERMAN (SBN 157318)**
**ALAN W. FORSLEY (SBN 180958)**
**FREDMAN LIEBERMAN PEARL LLP**
1875 Century Park East, Suite 2230
Los Angeles, California 90067
Telephone: (310) 284-7350
Facsimile: (310) 432-5999

General Bankruptcy Counsel
for debtor-in-possession Catherine Trinh

FILED & ENTERED

OCT 12 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

CHANGES MADE BY COURT

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re:

CATHERINE TRINH,

Debtor.

Case No. 2:18-bk-11475-RK

Chapter 11

**ORDER GRANTING IN PART AND DENYING IN PART DEBTOR'S MOTION FOR FURTHER EXTENSION OF EXCLUSIVITY PERIODS TO FILE A DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION**

Hearing:
Date: October 10, 2018
Time: 11:00 a.m.
Place: Courtroom 1675

At the place and time above-stated, there came on for hearing on regular notice debtor Catherine Trinh's ("**Debtor**") Motion for Further Extension of Exclusivity Periods (the "**Motion**") to File a Disclosure Statement and Plan of Reorganization, and to Extend the Exclusivity Period ("**Exclusivity Period**") for

Filing a Chapter 11 Plan ("**Plan**").  Alan W. Forsley of Fredman Lieberman Pearl, LLP appeared on behalf of the Debtor.  Hatty Yip, Trial Attorney, Office of the United States Trustee, appeared on behalf of the Office of the United States Trustee, and Michael Simon, of the law firm of Smiley Wang-Ekvall, LLP, appeared telephonically on behalf of creditor Second Generation, Inc.  There were no other appearances.  Having considered the Motion, the opposition, and the oral arguments of the parties at the hearing and finding notice to have been proper, and good cause appearing,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted based upon the court's reasons set forth in its tentative ruling which is attached as **Exhibit "1"** hereto and as stated on the record at the hearing;

2. The Exclusivity Period is hereby extended to, and including, January 5, 2019.

3. Parties other than Debtor are prohibited from filing competing plans during the Exclusivity Period.

4. Debtor has through, and including, March 6, 2019 to seek acceptances of a Plan.

###

Date: October 12, 2018

_____
Robert Kwan
United States Bankruptcy Judge

# EXHIBIT 1

3

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Robert Kwan, Presiding
### Courtroom 1675 Calendar

| | |
|---|---|
| **Wednesday, October 10, 2018** | **Hearing Room 1675** |

**11:00 AM**
**2:18-11475    Catherine Trinh**                                                                 **Chapter 11**

#1.00    Hearing re: Motion under 11 U.S.C. §1112(b)(1) to convert, dismiss or appoint a chapter 11 trustee with an order directing payment of quarterly fees and for judgment thereon

                    Docket    152

**Tentative Ruling:**

The motion of United States Trustee to dismiss or convert is based on somewhat technical violations of the bankruptcy rules and United States Trustee guidelines which have been remedied or can readily be remedied, such as lack of sufficient proof of insurance coverage, late filing of monthly operating reports and incomplete payment of quarterly fees. The court is inclined to continue the hearing on the motion to allow short but reasonable period of time to allow debtor to take corrective action to remedy these readily remediable technical violations.

The required corrective action to address the concerns raised in the motion as attested to by the bankruptcy analyst must include:

1. Proof of insurance coverage, which appears to have been provided now.
2. Prompt payment of any United States Trustee quarterly fees currently due.
3. Complete disclosure of all receipts and disbursements by debtor postpetition     on her monthly operating reports, which require amendment of her filed reports. Disclosures must include identification of all receipts of family support payments and all disbursements of any and all funds by her postpetition. Debtor in her opposition to the motion indicates that she would file amended reports, but has not yet done so, which calls to mind the adage that actions speak louder than words.
4. Appropriate use of debtor's DIP bank accounts, including using her general DIP account for most disbursements, and discontinuance of use of the DIP payroll and tax accounts because there does not appear to be a justifiable reason to have these separate DIP accounts apart from the general DIP account.
5. Discontinuance of debtor's use of a community property joint bank account with the nondebtor spouse.
6. Timely filing of future monthly operating reports. The court is of the view

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Robert Kwan, Presiding
### Courtroom 1675 Calendar

**Wednesday, October 10, 2018**                                              **Hearing Room    1675**

11:00 AM
**CONT...    Catherine Trinh**                                                                **Chapter 11**

that the previous reports have not been late for long periods of time, but debtor's persistent tardiness in filing her reports indicates a dilatory attitude which goes to show that she lacks sufficient motivation to prosecute this case, which may by itself warrant granting relief requested by the United States Trustee.

No tentative ruling as of 10/5/18.  Appearances are required on 10/10/18.

| Party Information |
|---|

**Debtor(s):**

Catherine Trinh                              Represented By
                                             Alan W Forsley



# United States Bankruptcy Court
# Central District of California
### Los Angeles
### Judge Robert Kwan, Presiding
### Courtroom 1675 Calendar

**Wednesday, October 10, 2018**                      **Hearing Room**    **1675**

---

11:00 AM
**2:18-11475    Catherine Trinh**                                   **Chapter 11**

     **#2.00**      Hearing re: Motion for extension of exclusivity periods to file a disclosure statement and plan, and seek acceptances of plan of reorganization

                               Docket      158

**Tentative Ruling:**

     Tentative rulings on debtor's objections to the declaration of Robert S. Marticello:

     Objections ##1-4 - Overrule.  The context for these statements in the declaration show that declarant is making the declaration in this case as counsel for a creditor in response to the instant motion to extend plan exclusivity.  Having said this, counsel/declarant is admonished to proofread his submissions to the court before filing.  See Morten Lund, *Jagged Rocks of Wisdom: Professional Advice for the New Attorney* (The Fine Print Press, Inc., 2007) at 1-9 ("Rule Number 1: Proofread. . . .Rule Number 2: Proofread Again . . . ."

     Objection #5 - Overrule.
     Objection #6 - Sustain - lack of personal knowledge, lack of foundation
     Objection #7 - Overrule
     Objection #8 - Sustain - improper opinion

     Grant motion in part, deny in part, and extend plan exclusivity by additional 120 days.  The court agrees with the observation of the Bankruptcy Appellate Panel in In re Henry Mayo Newhall Memorial Hospital, 282 B.R. 444, 453 (9th Cir. BAP) as pointed out by Creditor Second Generation, Inc., that "a transcendent consideration is whether adjustment of exclusivity will facilitate moving the case forward towards a fair and equitable resolution." Considering the various standard factors considered by the courts in cases such as Henry Mayo Newhall Memorial Hospital and In re Dow Corning Corp., 208 B.R. 661, 664-665 (Bankr. E.D. Mich. 1997), the court is of the view that extension of exclusivity for a short period of time will facilitate moving the case forward towards a fair and equitable resolution.  Although debtor's reasons are somewhat underwhelming, especially its recital of what it has

---

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Robert Kwan, Presiding
Courtroom 1675 Calendar

**Wednesday, October 10, 2018**                                                                                          Hearing Room    1675

11:00 AM
**CONT...**     **Catherine Trinh**                                                                                                        **Chapter 11**

   done in this case, the court believes on the totality of circumstances of the
   case at this present stage partial relief is warranted. This is only the second
   request for extension after a first extension of only four months. Although this
   case does not involve a complex operating business such as a hospital in
   Henry Mayo or a manufacturing concern in Dow Corning, there is some
   complexity here because the uncertain status of debtor's interest in the
   residence and her personal property interests, including the Ben Lynn Trust
   worth $1.4 million and amounts owed her by other parties totalling over $1
   million. Resolution of the adversary proceeding over what her interest in the
   real property will have a large impact on the reorganization. Debtor has been
   involved in discovery and other litigation proceeding with one of her major
   creditors, Second Generation, Inc. Debtor appears to be paying her bills as
   they become due, except for a small amount of late paid United States
   Trustee quarterly fees. It does not appear that debtor is seeking the
   extension of exclusivity to pressure creditors. Debtor has an unresolved
   contingency in litigation of an appeal of an adverse judgment in favor of
   creditor Second Generation, Inc., which she is prosecuting. Debtor has
   shown that there is some evidence that time for her to negotiate a plan of
   reorganization and prepare adequate information and that there is some
   evidence of good faith progress towards reorganization for the reasons stated
   in her moving and reply papers, but the motion shows weakness because she
   does not discuss her specific efforts to negotiate a plan of reorganization with
   her creditors, including Second Generation (whose counsel stated in his
   declaration that debtor has not made no effort to negotiate with that creditor,
   his client), and to collect the amounts owed her by other which she stated
   was about $1 million. Moreover, the motion shows weakness in debtor failing
   to discuss in her papers as to how her other personal property assets,
   including her interest in the Ben Lynn Trust listed in her schedules with a
   value of $1.4 million, can be utilized in a plan of reorganization. The value of
   these assets are the majority of debtor's assets, even if it is later determined
   that the residence is community property, which would mean a one-half
   interest worth $1.8 million would be part of the estate. These circumstances
   only warrant another 120 days extension of exclusivity and not to the statutory
   maximum of 18 months after the petition date as requested in the motion. the
   court is of the view that debtor should have another limited period of time to
   exclusively propose a plan, which incorporates her efforts to realize value of
   her personal property assets and to negotiate terms with her creditors, which

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Robert Kwan, Presiding
### Courtroom 1675 Calendar

**Wednesday, October 10, 2018**                                                                 Hearing Room   1675

### 11:00 AM
**CONT...    Catherine Trinh**                                                                                    Chapter 11

is not really evident in her moving papers which just focus on the one real property asset, the residence, and the litigation with the one creditor, Second Generation.

Appearances are required on 10/10/18, but counsel may appear by telephone.

| Party Information |
|---|

**Debtor(s):**

Catherine Trinh                                    Represented By
                                                   Alan W Forsley