FILED & ENTERED

OCT 22 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>CATHERINE TRINH,<br><br>                    Debtor. | Case No. 2:18-bk-11475-RK<br><br>Chapter 11<br><br>**ORDER DENYING INTERIM FEE APPLICATION OF LEA ACCOUNTANCY. LLP WITHOUT PREJUDICE**<br><br>**Vacated Hearing**<br>Date: October 24, 2018<br>Time:     11:00 a.m.<br>Courtroom: 1675 |

      Having considered the interim fee application of LEA Accountancy, LLP, accountant for Catherine Trinh, debtor in possession, the objection of the United States Trustee, applicant's reply, the other papers and pleadings filed in this bankruptcy case,

the court determines that pursuant to Local Bankruptcy Rule 9013-1(j)(3), oral argument on the application is not necessary and dispenses with it, vacates the hearing on the application on October 24, 2018, takes the application under submission and rules as follows.

The court denies the application without prejudice.

The court's reasons are as follows:

1. Given the early stage of this bankruptcy case, the court cannot meaningfully assessed whether the fees are reasonable under 11 U.S.C. §330 because whether there will be a successful outcome in this Chapter 11 reorganization bankruptcy case is far from certain, and there is insufficient demonstrated progress in this case to warrant an award of attorneys' fees in this case because it is not even clear that this case will survive the motion of the United States Trustee to dismiss or convert. *See In re Crown Oil Inc.,* 257 B.R. 531, 541 (Bankr. D. Mont. 2000) ("Chapter 11 cases which lack viable changes of reorganization may place the fees of counsel [or other estate professionals] at risk.")(citations omitted). As noted by the United States Trustee in his motion to dismiss or convert, debtor has not been in compliance with her reporting requirements in this case by tardily filing monthly operating reports, paying quarterly fees and submitting proof of insurance, her originally filed monthly operating reports were inaccurate, which in the view of the United States Trustee constituted gross mismanagement of the estate, and debtor was incorrectly using her debtor in possession bank accounts. *Motion of United States Trustee to Dismiss or Convert,* filed on September 13, 2018. Debtor has only recently taken action to correct these deficiencies and filed amended monthly operating reports to correct the inaccuracies in her prior reports only on October 16, 2018. Given this state of affairs, it is difficult to conclude that this will be a successful reorganization case, and it is thus difficult for the

estate professionals to demonstrate and meet their burden of showing that their services were beneficial to the estate. *See In re Crown Oil Inc.,* 257 B.R. at 542 ("Bankruptcy Courts must examine the circumstances and the manner in which services are performed and the results achieved in order to arrive at a determination of a reasonable fee allowance."), *citing and quoting, In re Mednet,* 251 B.R. 103, 108 (9th Cir. BAP 2000). The Ninth Circuit has held the fee applicant "had an obligation to consider the potential for recovery and balance the effort against the results . . ." and "Absent unusual circumstances, an attorney must scale his or her fee at least to the reasonably expected recovery." *Unsecured Creditors' Committee v. Puget Sound Plywood, Inc.,* 375 F.3d 955, 961 (9th Cir. 2004). Although *Puget Sound Plywood* involved a fee application of counsel for an unsecured creditors' committee for work objecting to the attorneys' fee claim of a secured creditor, similarly, the fee application of estate professionals working for the debtor in possession in a Chapter 11 reorganization case, the court must consider "whether a reorganization is successful is a factor to be considered in determining whether a debtor's counsel's [or other estate professional's] services provide a benefit to the estate." *In re Crown Oil Inc.,* 257 B.R. at 541 (citations omitted).

2. The case is in the early stages, and at this time, there is no disclosure statement or plan filed, and it is unclear when debtor will be able to do so. Moreover, the court notes that much of the time billed by the applicant related to debtor's monthly operating reports which the United States Trustee said were inaccurate and indicating gross mismanagement of the estate, and implicitly admitted by debtor as inaccurate in filing corrected and amended reports, and the court is uncertain whether the amended monthly operating reports recently filed have corrected the inaccuracies because the United States Trustee has not completed its review of the amended reports. Thus, there may be a serious issue about the value of the applicant's services

rendered if the services resulted in inaccurate reporting of debtor's financial status on the original monthly operating reports.

3. The United States Trustee and the application stipulated to a reduction of $1,000 in the amount of fees requested by the applicant as excessive. *Stipulation to Reduce Fees re: Application for Payment of Interim Fees and/or Expenses of LEA Accountancy, LLP,* filed on September 13, 2018, at 2. In the stipulation, the United States Trustee stated that he believed that the fees charged for the 90 day projection was excessive. *Id.* Having cursorily reviewed the work performed by applicant in this area, the court is inclined to agree with the United States Trustee that the amount claimed is excessive, but would have probably determined that the United States Trustee was far too conservative in recommending only $1,000 reduction. Given the early stage of this case and the lack of results so far, the court likely would have made a much greater reduction if it conducted a thorough and independent review of the fee application because much of the work billed relating to the original monthly operating reports, which were inaccurate, but in fairness to the applicant, the court believes that it should wait until a later stage of the case when there are demonstrated results in the case and more information on whether the applicant was responsible in any way for the inaccuracies in the original monthly operating reports it prepared for debtor to pronounce on whether the applicant's fees are reasonable or not.

4. The application is also premature because the estate does not have the funds to pay the fees and expenses requested, and thus, consideration of the application is somewhat academic because there are insufficient funds to pay the applicant. Another fee applicant, Fredman Lieberman Pearl LLP, general bankruptcy counsel to debtor in possession applicant had a retainer of $61,624 as of the petition date, which has already been exhausted by the fees requested in its application, and seeks the balance of $61,217.64 from the total amount requested of $119,596.50 in fees and $3,245.14 in expenses against the current funds in the estate of about $16,900 in debtor's three debtor in possession bank accounts. *Interim Fee Application of Fredman*

*Lieberman Pearl LLP,* filed on August 29, 2018, at 0007-0008.  The court notes that the applicant's pending interim fee application seeking an award of fees of $10,893.00 and expenses of $8.56.  *Interim Fee Application of LEA Accountancy LLP,* filed on September 13, 2018.  Thus, the estate professionals by their current fee applications are asking for authorization for payment of their fees which the estate does not now have.

5. Applicant also failed to serve notice of the application on all creditors as required by Federal Rule of Bankruptcy Procedure 2002(a)(6) and Local Bankruptcy Rule 2016-1(a)(2) since the application is a request for compensation exceeding $1,000, specifically, creditor Philip Kaufler who listed on the creditors' mailing matrix was not served with notice.  Apparently, this was an inadvertent oversight since this party is an estate professional, but as an administrative expense creditor, he is still entitled to proper notice.  The court notes that the applicant could readily correct this service defect by proper service on this party, or obtaining service waivers from him.

For the foregoing reasons, the interim fee application is denied without prejudice.  Because the hearing on the application noticed for October 24, 2018 at 11:00 a.m. has been vacated, no appearances are required on that date and at that time.

IT IS SO ORDERED.

### 

Date: October 22, 2018

_____
Robert Kwan
United States Bankruptcy Judge