FILED & ENTERED

OCT 22 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

|  |  |
|---|---|
| In re:<br><br>CATHERINE TRINH,<br><br><div align="right">Debtor.</div> | Case No. 2:18-bk-11475-RK<br><br>Chapter 11<br><br>**ORDER DENYING INTERIM FEE APPLICATION OF FREDMAN LIEBERMAN PEARL LLP WITHOUT PREJUDICE**<br><br>**Vacated Hearing**<br>Date: October 24, 2018<br>Time:      11:00 a.m.<br>Courtroom: 1675 |

Having considered the interim fee application of Fredman Lieberman Pearl LLP,

general bankruptcy counsel for Catherine Trinh, debtor in possession, the objection of

the United States Trustee, applicant's reply, the other papers and pleadings filed in this

bankruptcy case, the court determines that pursuant to Local Bankruptcy Rule 9013-

1(j)(3), oral argument on the application is not necessary and dispenses with it, vacates

the hearing on the application on October 24, 2018, takes the application under

submission and rules as follows.

The court denies the application without prejudice.

The court's reasons are as follows:

1.   Given the early stage of this bankruptcy case, the court cannot meaningfully

assessed whether the fees are reasonable under 11 U.S.C. §330 because

whether there will be a successful outcome in this Chapter 11 reorganization

bankruptcy case is far from certain, and there is insufficient demonstrated

progress in this case to warrant an award of attorneys' fees in this case

because it is not even clear that this case will survive the motion of the United

States Trustee to dismiss or convert. *See In re Crown Oil Inc.,* 257 B.R. 531,

541 (Bankr. D. Mont. 2000) ("Chapter 11 cases which lack viable changes of

reorganization may place the fees of counsel at risk.")(citations omitted).  As

noted by the United States Trustee in his motion to dismiss or convert, debtor

has not been in compliance with her reporting requirements in this case by

tardily filing monthly operating reports, paying quarterly fees and submitting

proof of insurance, her originally filed monthly operating reports were

inaccurate, which in the view of the United States Trustee constituted gross

mismanagement of the estate, and debtor was incorrectly using her debtor in

possession bank accounts.  *Motion of United States Trustee to Dismiss or*

*Convert,* filed on September 13, 2018.   Debtor has only recently taken action

to correct these deficiencies and filed amended monthly operating reports to

correct the inaccuracies in her prior reports only on October 16, 2018.  As the

United States Trustee points out in his objection to the fee application, "[t]his

case is nowhere near the stage where approval of a disclosure statement is

imminent.  In fact, given the lack of cash on hand and the status of the appeal

of the state court judgment [against debtor for alter ego liability], a disclosure

statement and proposed plan of reorganization would not be feasible or

confirmable."  *Objection of United States Trustee,* filed on October 3, 2018, at

4.  Applicant in its reply does not dispute the United States Trustee's

characterization of the status of this case.  *Applicant's Reply,* filed on October

17, 2018.  Given this state of affairs, it is difficult to conclude that this will be a

successful reorganization case, and it is thus difficult for the estate

professionals to demonstrate and meet their burden of showing that their

services were beneficial to the estate.  *See In re Crown Oil Inc.,* 257 B.R. at

542 ("Bankruptcy Courts must examine the circumstances and the manner in

which services are performed and the results achieved in order to arrive at a

determination of a reasonable fee allowance."), *citing and quoting, In re

Mednet,* 251 B.R. 103, 108 (9th Cir. BAP 2000).   For these reasons, the court

agrees with the observations of the United States Trustee that "The fee

application seeks $119,596.50 in fees and $3,245.14 in expenses.  Given the

lack of progress in this individual case, the amount of fees sought at this time

appear to be excessive.  It is too early in the case to determine whether the

fees were reasonable or necessary at the time Counsel provided services."

*Objection of United States Trustee,* filed on October 3, 2018, at 4.  As pointed

out by the United States Trustee in his objection, the Ninth Circuit has held

the fee applicant "had an obligation to consider the potential for recovery and

balance the effort against the results . . ." and "Absent unusual

circumstances, an attorney must scale his or her fee at least to the

reasonably expected recovery."  *Unsecured Creditors' Committee v. Puget

Sound Plywood, Inc.,* 375 F.3d 955, 961 (9th Cir. 2004).  Although *Puget

Sound Plywood* involved a fee application of counsel for an unsecured

creditors' committee for work objecting to the attorneys' fee claim of a

secured creditor, similarly, the fee application of counsel for debtor in possession in a Chapter 11 reorganization case, the court must consider "whether a reorganization is successful is a factor to be considered in determining whether a debtor's counsel's services provide a benefit to the estate."   *In re Crown Oil Inc.,* 257 B.R. at 541 (citations omitted).

2.   The United States Trustee in his objection argues that the amount of fees requested by the applicant is excessive and should be reduced by 20 percent. *Objection of United States Trustee,* filed on October 3, 2018, at 2.  In support this argument, the United States Trustee contends, "In the category of 'Case Administration,' Counsel is billing the estate $82,478.00 which appears excessive for filing routine chapter 11 motions including preparing motions for extension of time to file schedules, motions to continue deadline for disclosure statements and plans and motions to extend exclusivity." *Id.* While acknowledging the general usefulness of case administration work, the court having cursorily reviewed the work performed by applicant in this area is inclined to agree with the United States Trustee that the amount claimed is excessive and would have probably determined that the United States Trustee was far too conservative in recommending only a 20 percent reduction.  Given the early stage of this case and the lack of results so far, the court likely would have made a much greater reduction if it conducted a thorough and independent review of the fee application, but in fairness to the applicant, the court believes that it should wait until a later stage of the case when there are demonstrated results in the case to pronounce on whether the applicant's fees are reasonable or not.  *In re Crown Oil Inc.,* 257 B.R. at 541 (citations omitted).

3.   The application is also premature because the estate does not have the funds to pay the fees and expenses requested, and thus, consideration of the application is somewhat academic because there are insufficient funds to pay

the applicant.  As noted in the application, applicant had a retainer of $61,624 as of the petition date, which has already been exhausted by the fees requested in this application, and seeks the balance of $61,217.64 from the total amount requested of $119,596.50 in fees and $3,245.14 in expenses against the current funds in the estate of about $16,900 in debtor's three debtor in possession bank accounts.  *Interim Fee Application of Fredman Lieberman Pearl LLP,* filed on August 29, 2018, at 0007-0008.  The court notes that the accountants for the estate, LEA Accountancy, LLP, also has a pending interim fee application seeking an award of fees of $10,893.00 and expenses of $8.56.  *Interim Fee Application of LEA Accountancy, LLP,* filed on September 13, 2018.  Thus, the estate professionals by their current fee applications are asking for authorization for payment of their fees which the estate does not now have.

4.  Applicant also failed to serve notice of the application on all creditors as required by Federal Rule of Bankruptcy Procedure 2002(a)(6) and Local Bankruptcy Rule 2016-1(a)(2) since the application is a request for compensation exceeding $1,000, specifically, creditors LEA Accountancy, LLC, and Philip Kaufler, listed on the creditors' mailing matrix.  Apparently, this was an inadvertent oversight since these parties are estate professionals, but as administrative expense creditors, they are still entitled to proper notice. The court notes that applicant could readily correct these service defects by proper service on these parties, or obtaining service waivers from them.

///

///

1       For the foregoing reasons, the interim fee application of Fredman Lieberman

2    Pearl LLP is denied without prejudice.  Because the hearing on the application noticed

3    for October 24, 2018 at 11:00 a.m. has been vacated, no appearances are required on

4    that date and at that time.

5       IT IS SO ORDERED.

6                        ###

Date: October 22, 2018

_____

Robert Kwan
United States Bankruptcy Judge