Marc A. Lieberman, Esq. (Bar No. 157318)
Alan W. Forsley, Esq. (Bar No. 180958)
**FREDMAN LIEBERMAN PEARL LLP**
1875 Century Park East, Suite 2230
Los Angeles, California 90067-2523
Telephone:    (310) 284-7350
Facsimile:    (310) 432-5999
alan.forsley@flpllp.com

Attorneys for debtor-in-possession
Catherine Trinh

## UNITED STATES BANKRUPTCY COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re | ) **Case No. 2:18-bk-11475-RK** |
| | ) |
| CATHERINE TRINH | ) Chapter 11 |
| | ) |
| | ) |
| | ) **DEBTOR CATHERINE TRINH'S** |
| Debtor. | ) **THIRD AMENDED CHAPTER 11 PLAN** |
| | ) |
| | ) <u>Confirmation Hearing:</u> |
| | ) Date: TBD |
| | ) Time: TBD |
| | ) Place: CTRM 1375, 255 E. Temple St., |
| | ) Los Angeles, CA 90012 |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

Debtor Catherine Trinh proposes this Third Amended Plan of Reorganization (the

"***Plan***").  All holders of claims should read this Plan, the Third Amended Disclosure

Statement ("***Disclosure Statement***"), and all related materials in their entirety.  The Plan

should be read in conjunction with the Disclosure Statement, and, unless otherwise

indicated, the capitalized terms herein shall have the same meaning as in the Disclosure

Statement.

1

# I.

2

## INTRODUCTION AND

3

## INCORPORATION OF DISCLOSURE STATEMENT

4

Debtor commenced the instant case by filing a voluntary Chapter 11 petition on the

5

Petition Date.  This document is the Plan proposed by Debtor.  Sent to you in the same

6

envelope as this document is the Disclosure Statement, which has not yet been approved

7

by the Court and which is provided to help you understand the Plan.

8

The Disclosure Statement, including the definitions contained therein, its

9

descriptions of when and how assets will be sold, and when and how creditors will be paid

10

is hereby incorporated in its entirety into the Plan by reference.  Debtor has made her best

11

efforts to harmonize the terms and information contained in the Plan with the description

12

of the terms and information contained in the Disclosure Statement.  However, in the event

13

of a conflict between the terms of the Plan and the terms of the Disclosure Statement, the

14

terms of the Plan shall control.

15

The Plan is a reorganization plan.  The non-exempt assets of the Debtor ("***Estate***

16

***Assets***") vest in the Plan Trust on the Plan *Trust* Effective Date, without regard to the

17

Effective Date.  The Plan *Trust* Effective Date shall be the date an order confirming the

18

Plan becomes final.  The Plan Effective Date of the Plan shall be the later of 30 days after

19

the Plan *Trust* Effective Date or the date that there are sufficient amounts on hand to pay

20

administrative claims. The Plan Trust shall be funded with (a) 60 monthly payments of $25

21

from debtor's post-confirmation earnings, (b) all funds on hand in Debtor's general account

22

(including the Cathay bank account if the SecGen lien is avoided), (c) all proceeds of the

23

Malpractice Case, (d) all proceeds from the liquidation of non-exempt Estate Assets and the

24

assets of the Plan Trust ("***Trust Assets***").

25

The Plan Trustee shall be charged with administering the Plan Trust Assets and

26

paying creditors holding allowed claims.  Subject to the terms and conditions herein,

27

creditors will receive *pro rata* payments, commencing 30 days after the Plan Effective

28

Date.  The Plan Trust, a copy of which is attached hereto as **Exhibit "A"** is incorporated herein by reference.

Under the Plan, Debtor retains no non-exempt assets.  However, *with the consent of the Plan Trustee*, she may, for a limited period of time, retain bare legal title to certain claims that are non-transferrable under applicable law (e.g. the claims that are the basis of the Malpractice Case).  All of the net *proceeds* of such claims, if any, shall be deemed Trust Assets and transferred upon receipt to the Plan Trust.

## II.
## BACKGROUND

This bankruptcy case stems from the State Court Case filed by SecGen against the State Court Defendants and the filing of the Attachment Liens.  For additional background information see Section II(A) and (B) of the Disclosure Statement.

## III.
## ASSETS TO BE USED TO FUND THE PLAN

The assets available to fund the Plan include Debtor's Monthly Plan Contribution and the non-exempt cash and equity in the Trust Assets.  For additional information about the assets to be used to fund the Plan, see Section II(G) of the Disclosure Statement.

## IV.
## CLASSIFICATION AND TREATMENT OF CLAIMS

### A.     General Overview

Claims are classified according to their right to priority of payments under the Code.  Classes of claims can be either impaired or unimpaired.  Attached as **Exhibit "B"** is a copy of the claims register in this case which lists the filed proofs of claim.  Attached as **Exhibit "C"** is a list of Debtor's scheduled claims.  Only filed claims (Exhibit "B") and

scheduled claims (Exhibit "C") that are allowed claims will be paid under the Plan.  In the event of a discrepancy in dollar amount or character (e.g. disputed/undisputed, liquidated/unliquidated or contingent/non-contingent) between a scheduled claim and a filed proof of claim, the filed proof of claim shall control.  The Plan Trustee and parties-in-interest may object to claims after confirmation.  No deadline has been set for objecting to claims.

**B.    <u>Unclassified Claims</u>**

Certain types of claims, such as unclassified claims, are not placed into voting classes.  Holders of unclassified claims are not entitled to vote on the Plan when they are to receive the treatment to which they are entitled under the Bankruptcy Code ("***Code***").  Administrative expenses and priority tax claims fall within the category of unclassified claims.

**1.    <u>Administrative Expenses</u>**

Administrative expenses are claims for costs or expenses of administering Debtor's Chapter 11 case which are allowed under § 507(a).  The Code requires that all administrative expenses be paid by the Plan Effective Date, unless a particular claimant agrees to a different treatment.

The following chart lists all of Debtor's estimated § 507(a)(2) administrative claims and their treatment under this Plan.

| <u>Name</u> | <u>Amount Owed</u> | <u>Treatment</u> |
|---|---|---|
| Fredman Lieberman Pearl LLP ("FLP") | $400,0000 est. | Paid in full on later of the Plan Effective Date or the entry of an order allowing FLP's administrative claim. |
| LEA Accountancy, LLP ("LEA") | $125,000 est. | Paid in full on later of the Plan Effective Date or the entry of an order allowing LEA's administrative claim. |
| Clerk's Office Fees | n/a | Paid in full on the Plan Effective Date |

| Office of the U.S. Trustee | $0.00 | Paid in full on Effective Date |
| Second Generation, Inc. | $200,000 est. | Paid in full on the later of the Plan Effective Date or the entry of an order allowing SecGen's administrative claim. |

All professional fees must be the subject of a noticed fee application, and the Court must enter an order granting the application or motion before such fees may be allowed under this Plan.

In addition to administrative claims of the Debtor's professionals, parties may seek allowance of one or more administrative claims pursuant to § 503(b) ("**503(b) Claim**"). Any person asserting a §503(b) Claim must file a motion or application with the Court seeking the allowance of such claim. Debtor anticipates that the Court will allow SecGen a §503(b) Claim in a yet-to-be determined amount. All allowed administrative expense claims (including §503(b) Claims), will be paid in full by the later of the Plan Effective Date and the entry of orders by the Court allowing such claims, unless the holders of such claims expressly agree to different treatment.

### 2.    Priority Tax Claims

Priority tax claims are certain unsecured tax obligations in § 507(a)(8). Section 1129(a)(9)(C) requires that each holder of a § 507(a)(8) priority tax claim receive regular installments in cash for the total value of the allowed claim as of the Plan Effective Date. Debtor has no §507(a)(8) priority tax claims.

### C.    Classified Claims and Treatment of Claims

Classified claims shall be treated as follows:

1. Secured claims. Presently, SecGen's Claim No. 3, in the amount of $3,451,314.02, is the only claim classified as a secured claim. or shall be referred to as the "*Collateral*".

The SecGen Claim will be paid as a secured claim up to the value of the Estate Assets and the Trust Assets determined to be encumbered by Attachment Liens in the Attachment Lien Avoidance Action (the "*Collateral*"). The SecGen Claim will be

treated as an unsecured Class 2 claim if and to the extent that (a) it exceeds the value of the Collateral, (b) the Attachment Liens are avoided in the Attachment Lien Avoidance Action, or have terminated pursuant to §CCP 493.030. This means that SecGen may have (a) a fully secured claim; (b) both a secured claim in Class 1 and an unsecured claim in Class 2, or (c) an entirely unsecured claim., depending on the outcome of the Attachment Lien Avoidance Action and/or a motion to determine its secured status pursuant to 11 U.S.C. §506 and CCP §493.030.

SecGen will be paid 100% of its secured claim as provided herein. For purposes of the payment of SecGen's claim, the "***Sec Gen Payment Condition***" shall mean be the later of (a) the entry of a final judgment in favor of SecGen on the Attachment Lien Avoidance Action or (b) the entry of a final order in favor of SecGen on any motion filed before the Plan Effective Date to determine the extent of the Attachment Liens pursuant to 11 U.S.C. §506.

The Trustee shall pay to SecGen 100% of all cash Collateral within 10 days of the occurrence of the SecGen Payment Condition, and the Trustee shall pay the balance of the SecGen Secured Claim in full within 180 days of the occurrence of the Payment Condition.

| Class No. | Description | Insider | Impaired | Treatment |
|---|---|---|---|---|
| 1. | Secured Claim of SecGen $3,451,314.02 | No | Yes | SecGen filed Proof of Claim No. 3 in the amount of $3,451,314.02 as of the Petition Date (the "***SecGen Claim***"). SecGen's Class 1 claim shall include (a) the amount of the SecGen Claim, plus (b) post petition interest accrued at the rate of 10% per annum until its Class 1 claim is paid in full and (b) SecGen's reasonable attorney's fees |

| | | | | and costs up to the value of the Collateral (collectively, the "***SecGen Secured Claim***").<br><br>SecGen retains its right to seek payment from co-liable non-debtor parties.<br><br>Pending the SecGen Payment Condition, the Plan Trustee shall maintain in a segregated account solely for SecGen's benefit all cash Collateral and all proceeds of the Collateral.  Such amounts shall be reserved by the Plan Trustee immediately upon receipt.<br><br>Any portion of the SecGen Claim that is not a secured claim shall be treated as a Class 2 claim. |

## 2.  **General Unsecured Claims (Class 2)**

General unsecured claims are not entitled to priority under § 507(a).  The following chart identifies the treatment of the class containing all of Debtor's general unsecured claims.  Holders of Contingent Claims will not be permitted to vote as Class 2 claim holders and will not be paid on account of their claims, unless and until such claims become non-contingent and are allowed by order of the Bankruptcy Court.

Provided all allowed administrative claims have been paid in full, commencing 30 days after the Plan Effective Date, holders of allowed general unsecured claims will be paid monthly *pro-rata* from funds on hand of the Plan Trust that are not encumbered by SecGen's Attachment Lien(s) or deemed by the Plan Agent as necessary to reserve for administrative claims, the anticipated costs of the administration of the Plan Trust, or claims that are the subject of a then-pending objection. [1]

---

[1] If motions/applications for allowance of administrative claims, including §503(b) Claims, are pending at the time such payments are due to commence, an amount equal to the total amount of requested administrative claims shall be reserved until the bankruptcy court rules on such motions/applications.

*Debtor's Third Amended Chapter 11 Plan*

The Plan Trustee and all parties-in-interest shall have the right to object to claims until the payments on Class 2 claims have commenced. Attached to the Disclosure Statement is a list of the general unsecured claims scheduled by the Debtor and listed on the register of creditors as of December 31, 2019.

| Class No. | Description | Insider | Impaired | Treatment |
|---|---|---|---|---|
| 2. | General unsecured claims (undisputed, liquidated, non-contingent). Total amount of claims= $52,592,368.71 | No | Yes | The holders of allowed general unsecured claims shall receive monthly payments beginning on the first day of the first month 30 days after the Plan Effective Date, provided all allowed administrative claims, including §503(b) Claims, have been paid in full. |
| | | | | Each creditor holding an allowed claim will receive *pro-rata* payment of funds on hand in the Plan Trust that are not encumbered by an Attachment Lien and that are not necessary to pay, or reserve for payment of allowed administrative claims or anticipated |
| | | | | Any *pro rata* payments to the holders of allowed Class 1 claims shall be reduced to account for the SecGen Claim as if the entirety of the SecGen Claim is an allowed unsecured claim in this Class, and, pending the SecGen Payment Condition, *pro rata* payments on account of the SecGen Claim shall be reserved by the Trustee in a segregated account concurrently with the *pro rata* payments to the holders of allowed claims in this Class. |
| | | | | Except as provided herein with respect to SecGen, a holder of a claim in this class shall not receive *a pro* rata payment, if, at the time of |

| | | | | such payment, the holder's claim is a Disputed Claim. Instead, such *pro rata* payments will be set aside and reserved by the Trustee. If such Disputed Claim ultimately becomes an allowed claim, then the Trustee shall pay to the holder of such claim the reserved *pro rata* payments on account of such claim. |
| --- | --- | --- | --- | --- |
| | | | | The Debtor estimates Each creditor to receive payment of about 8.35% on their claims, assuming (a) all Voong Assets are brought into estate, (b) SecGen Claim No. 3 is deemed unsecured in its entirety and the Contingent Claims are ultimately disallowed. (Other potential payment scenarios are explained in the Disclosure Statement.) |

## V.
## MEANS OF EFFECTUATING THE PLAN

### A.    Funding for the Plan.

Upon the entry of a final order confirming the Plan, the non-exempt Estate Assets will be deemed vested in and transferred to the Plan Trust, except the Malpractice Claim, unless the Plan Trustee requests otherwise. The Plan will be funded from: (i) funds on hand the DIP account (ii) $25 per month of Debtor's post-confirmation earnings ("***Debtor's Contribution***"), (ii) the proceeds of the Malpractice Claim, (iii) the proceeds of all Voong Assets determined by the Bankruptcy Court to be property of the estate; (iv) the the Cathay Bank Account (if SecGen's lien is avoided); and (v) the proceeds of the sale of the Plan Trust Assets.

### B.    Post-confirmation Management and Reporting.

All of the Estate's non-exempt Assets shall be transferred to and vested in the Plan Trust on the Plan Trust Effective Date. Howard Grobstein shall serve as the initial Plan Trustee pursuant to the Plan Trust. Until a final decree is issued, the Plan Trustee shall file

quarterly reports with the Court and provide copies of such reports to any party-in-interest upon request.

## C.    Sale of Assets

The Plan Trustee shall sell or otherwise liquidate or administer the Plan Trust Assets for the benefit of holders of allowed claims.  The sale or transfer of any Plan Trust Asset shall require Court approval.

## D.    Preservation of Claims and Avoidance Actions

The Plan reserves for the Plan Trustee all rights to prosecute any and all of the Estate's claims, including the right to bring avoidance actions, whether arising prior to or after the Petition Date, in any court or other tribunal, including without limitation, in an adversary proceeding filed in the Court.  The foregoing expressly and specifically includes, without limitation, any and all Avoidance Actions or Causes of Action against:  (i) Kevin Voong and all other insiders of the Debtor, Ben Lynn, Baldwin, MKK, SIO, Trinh Properties, BBV Properties, Lynn Group, Inc., and Van Garden; (ii) Chanh Vuong and transferees or subsequent transferees of Chanh Vuong; (iii) Trinh Properties and SIO and the owners or shareholders of such companies related to the alleged dilution of the Debtor's ownership interest in such companies; and (iv) any and all entities who received transfers from the Debtor prior to the Petition Date or post-petition.

Without limiting the foregoing, the Plan Trustee may (i) challenge and/or dispute the alleged dilution of the equity interests in Trinh Properties, SIO, or any other company, including, without limitation, on the basis that such alleged dilution violated the automatic stay or was in violation of the applicable operating agreements and/or other bankruptcy or non-bankruptcy law and (ii) seek to collect or recover amounts distributed or that should have been distributed to the Estate on account of such equity interests.

Upon the entry of a final order confirming the Plan, without regard to the Effective Date, the Plan Trustee shall be vested with authority to enforce, file, litigate, prosecute, defend, settle, and collect with respect to all Causes of Action and Avoidance Actions.

The Plan Trustee shall be the successor to the Debtor and shall replace and stand in the shoes of the Debtor as the party-in-interest in any and all litigation, lawsuits, contested matters, or adversary proceedings in which the Debtor is a party, except as specified in, and the Plan Trustee shall have the sole authority, duties, and powers to enforce, prosecute, defend, settle, or otherwise administer such litigation, lawsuits, contested matters, or adversary proceedings and any and all Causes of Action and Avoidance Actions.

A settlement of any Cause of Action or Avoidance Action shall require approval of the Bankruptcy Court upon a noticed motion.

While an attempt has been made to identify all Causes of Action and Avoidance Actions which may be pursued, the failure to list any potential Cause of Action or Avoidance Action generally or specifically is not intended to limit the rights of the Plan Trustee to pursue such. Unless a Cause of Action or Avoidance Action against any person is expressly waived, relinquished, released, compromised or settled as provided or identified in the Plan, any Confirmation Order or prior order of the Court, the Plan expressly reserves any Cause of Action or Avoidance Action for later adjudication. Therefore, no preclusion doctrine, including, without limitation, the doctrine of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches shall apply to such Cause of Action or Avoidance Action upon or after Confirmation or consummation of the Plan. All Causes of Action or Avoidance Actions are preserved under the Plan for the benefit of the Estate. Any recoveries from Estate Claims will be paid to the Plan Trust.

**E.    Disputed Claims**

Unless otherwise expressly provided herein, no distributions shall be made on account of a Disputed Claim unless and until all objections to such Disputed Claim have been settled or withdrawn or have been determined by Final Order, and the Disputed Claim, or some portion thereof, has become an Allowed Claim.

**F.**     <u>**Claim Objections**</u>.

The Plan Trustee and any party-in-interest shall have the right to object to claims post-confirmation.

**D.**     <u>**Disbursing Agent.**</u>

The Plan Trustee will act as the disbursing agent under the Plan and Plan Trust.

**D.**     <u>**Retention of Jurisdiction.**</u>

The Court will retain jurisdiction to the extent provided by law.  Nevertheless, Debtor or the Plan Trustee can file a motion to close this case at any time prior to the completion of the Plan payments so that, if granted Debtor or the Plan Trust need not pay quarterly fees to the OUST and incur other administrative fees.  Debtor or the Plan Trustee can then reopen the case near or after all Plan payments have been made.

## VI.

## EFFECT OF CONFIRMATION OF PLAN

**A.**     <u>**Discharge.**</u>

Unless all classes of creditors vote to in favor of the Plan, Debtor will seek a final decree and discharge when all Plan payments have been made.  If all classes of creditors vote in favor of the Plan, Debtor will receive her discharge upon the entry of a final order confirming the Plan.  Debtor retains the right to seek conversion of her case to a case under Chapter 7 at anytime prior to receiving her discharge.

[The remainder of this page is intentionally blank.]

**B.**     <u>Revesting of Property in the Debtor.</u>

Confirmation of the Plan revests all exempt Estate Assets in the Debtor and all non-exempt Estate Assets in the Plan Trustee.[2] All *post-confirmation* professional fees may be paid in the normal course of business from the Plan Trust without approval or order from this Court, pursuant to the terms of the Plan Trust.

**C.**     <u>Modification of Plan.</u>

Debtor may modify the Plan at any time before confirmation.  However, the Court may require a new disclosure statement.  Debtor may also seek to modify the Plan at any time after confirmation only if: (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modifications after notice and a hearing.

**D.**     <u>Additional Post-Confirmation Status Report.</u>

Within 120 days of the entry of the order confirming the Plan, Debtor shall file a status report with the Court explaining what progress has been made toward consummation of the Plan.  The status report shall be served on the United States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice.  Further status reports shall be filed every 120 days and served on the same entities.

**E.**     <u>Post-Confirmation Conversion/Dismissal.</u>

A creditor or party in interest may bring a motion to convert or dismiss the case under § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan.  If the Court orders the case to be converted to Chapter 7 after the Plan is confirmed, then all non-exempt property that had been property of the Chapter 11 estate, and that has not been sold or disbursed pursuant to the Plan, will vest in the Chapter 7 estate.  The automatic stay

---

[2] To the extent that a *claim* for legal malpractice is personal and non-transferable under applicable law, Debtor will continue to own such claim and will assign the proceeds, if any, to the Plan Trustee.

1    will be reimposed upon such property, but only to the extent that relief from stay was not

2    previously authorized by the Court during this case.

3

4    **F.**    **Final Decree.**

5        Once the estate has been fully administered as referred to in Bankruptcy Rule

6    3022, Debtor, the Plan Trustee, or other party as the Court shall designate in the Plan

7    Confirmation Order, shall file a motion with the Court to obtain a final decree to close the

8    case.

9    DATED:  January 21, 2020    FREDMAN LIEBERMAN PEARL LLP

10

11    By: _____

12        Marc A. Lieberman, Esq.
    Alan W. Forsley, Esq.

13        Attorneys for Catherine Trinh

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

0015

## TRINH POST-CONFIRMATION PLAN TRUST

## (DRAFT)

A.    WHEREAS, on February 9, 2019 (the "**Petition Date**"), Catherine Trinh (the "**Debtor**" or "**Trinh**") filed a voluntary petition for relief under the United States Bankruptcy Code (the "**Bankruptcy Code**"). Debtor has since been managing her affairs as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. Debtor's bankruptcy case presently is pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "**Bankruptcy Court**" or "**Court**"), and bearing Case No. 2:18-bk-11475-RK (the "**Case**");

B.    WHEREAS, upon the commencement of the Case, an estate was created consisting of all of Debtor's assets pursuant to Section 541(a) of the Bankruptcy Code (the "**Estate**").

C.    WHEREAS, by order entered _____, 2020, the Court approved Debtor's Third Amended Disclosure Statement (the "Disclosure Statement") describing Debtor's Third Amended Plan of Reorganization (the "**Plan**").

D.    WHEREAS, at a hearing held on _____, 2020, the Bankruptcy Court confirmed Debtor's Plan, [as modified] [Docket No. __ ], pursuant to the Bankruptcy Court's "Findings of Fact and Conclusions of Law Re Confirmation of Debtor's Third Plan of Reorganization" and the "Order Confirming Second Plan of Reorganization of Official Committee of Unsecured Creditors" (the "**Confirmation Order**") and, pursuant to the Plan, the Bankruptcy Court retains continuing jurisdiction over matters arising under the Plan;

E.    WHEREAS, among other things, the Plan calls for the creation of the Trinh Post-Confirmation Plan Trust (the "**Plan Trust**") upon the Effective Date of the Plan (as defined therein) for the purposes set forth in the Plan; and

F.    WHEREAS, the Plan Trust is intended to be treated as a "liquidating trust" within the meaning of Treasury Income Tax Regulation Section 301.7701-4(d) and IRS Revenue Procedure 94-25, 1994-2 C.B. 124. The Plan Trust has no objective to, and will not, engage in a trade or business and will conduct its activities consistent with the Confirmation Order, the Plan, and this Trust.

NOW, THEREFORE, pursuant to the Plan and the Confirmation Order, in consideration of the promises and mutual agreements between the Debtor and the Plan

_j_

0016

Trustee, and other good and valuable consideration, the receipt and sufficiency of which Debtor and the Trustees (defined in §5.1 below) agree as follows:

1.    **TERMS DEFINED IN PLAN**. Capitalized terms used herein and not otherwise defined in this Trust will have the meanings assigned to them in the Plan.

2.    **Declaration of Trust; Authority of and Certain Directions to the Plan Trustee**.

2.1    **Creation of Plan Trust**. Pursuant to the Plan and the Confirmation Order, and upon the date that the order confirming the Plan becomes final and non-appealable ("***Plan Trust Effective Date***"), and subject to the continuing jurisdiction of the Court, the Debtor, as the proponent of the Plan, hereby creates the Plan Trust. The holders of allowed claims against the Estate are the Plan Trust beneficiaries and the Debtor, as debtor-in-possession, is the settlor or trustor of the Trust. The Debtor is the remainder beneficiary of the Trust if and to the extent all allowed claims are paid in full.

2.2    **Purpose of the Plan Trust**.   The Plan Trust is organized for the purpose of (a) possessing, recovering, receiving, selling, and otherwise administering the "Assets" (as defined below) pursuant to the Plan, (b) prosecuting Avoidance Actions, claim objections, and certain other Causes of Action and claims against third parties, and (c) making distributions to the holders of allowed claims as required by the Plan.

2.3    **Declaration of Trust**. In order to declare the terms and conditions hereof, and in consideration of the confirmation of the Plan, the Debtor and the Plan Trustee have executed this Trust. The Plan Trustee shall give notice that the Plan's Effective Date has occurred.  The Plan Trustee's powers and obligations under the Plan, this Trust will not be in place until the Plan Trust Effective Date.

*2.4*    **Grantor Trust**.  The Plan Trust shall be treated as a "liquidating trust" within the meaning of Treasury Income Tax Regulation Section 301.7701-4(d) and IRS Revenue Procedure 94-25, 1994-2 C.B. 124.  The persons entitled to receive distributions under the Plan will be deemed the grantors and owners of the liquidating trust and its assets.  Debtor shall be treated as the grantor of the Plan Trust for federal income tax purposes.  The Plan Trust has no objective to, and shall not, engage in a trade or business and shall conduct its activities consistent with a liquidating trust.

3.    **BENEFICIAL INTERESTS**. Beneficial interests in the Plan Trust, if any, will not be evidenced by any certificate or other instrument or document.  Beneficial interests in the Plan Trust are non-transferable and non-assignable other than to successors-in-

interest, or by will, the laws of descent and distribution, or by operation of law, upon written notice from the holder of a beneficial interest to the Plan Trustee. The Plan Trustee shall make distributions to the beneficiaries of the Plan Trust when and in the manner provided in the Plan.

4.    **DELIVERY AND ACCEPTANCE OF PLAN TRUST ASSETS.**

4.1    **Conveyance by the Debtor-in-Possession**. In accordance with the Plan, upon the entry of a Final Confirmation Order, all "Assets" (as defined herein) shall be transferred to, and deemed automatically vested in, the Plan Trust. The Plan Trustee is authorized and directed to execute and deliver or cause to be executed and delivered all such documents as necessary or appropriate to transfer and vest title in and possession of the Assets to the Plan Trust. As used herein, the term "Assets" shall mean all non-exempt tangible and intangible assets and property of every kind and nature of the Debtor and/or the Estate and all proceeds, products, profits, rents, and offspring thereof, and shall include, without limitation any and all "Causes of Action" and "Avoidance Actions" and the proceeds, products, profits, rents, and offspring thereof and/or the property recovered therefrom. The foregoing notwithstanding, the term "Assets" shall exclude (a) exempt assets (as identified on Debtor's Schedule "C"), (b) any exempt interest in non-exempt assets, (c) wages or other compensation for services performed post-Plan confirmation by the Debtor and/or her spouse, (d) assets received by the Debtor after the Plan Trust Effective Date. The Plan Trustee is the sole party with authority and the power and right to possess and administer the Assets.

"Causes of Action" means any and all actions, causes of action, controversies, liabilities, obligations, rights, suits, damages, judgments, claims (as defined in Code § 105), and demands whatsoever, whether known or unknown, reduced to judgment or not, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, secured or unsecured, assertable directly or derivatively, existing or hereafter arising, in law, equity, or otherwise that the Debtor and/or the Estate may hold against any person as of the Plan Trust Effective Date.

"Avoidance Action" means Causes of Action arising under CCP §390.030, 11 U.S.C. §§ 510, 541, 542, 544, 545, 547, 548, 549, 550, 551, and/or 553, or under related state or federal statutes and common law, including, without limitation, fraudulent transfer laws, whether or not litigation is commenced to prosecute such Causes of Action.

4.2    **Acceptance of Conveyance**. The Plan Trustee is hereby directed to, and the Plan Trustee agrees that he or she will accept the obligations imposed upon him or her by the Plan Trust and observe and perform such obligations in accordance with the terms and conditions set forth in this Plan Trust, the Plan, and the Confirmation Order.

0018

5.    **ADMINISTRATION OF TRUST**

5.1    **The Plan Trustee**. The Plan Trust shall be administered by a single trustee ("**Plan Trustee**"). The initial Trustee shall Howard Grobstein. The Plan Trustee's appointment shall be effective upon the date that the confirmation order becomes a Final Confirmation Order.

5.1.1 **Trustee is a Fiduciary**. The Trustee owes fiduciary duties to the beneficiaries of the Plan Trust and must put the collective interests of the Plan Trust beneficiaries before his or her personal interests. The initial (or any subsequent) Plan Trustee shall remain a fiduciary so long as the Plan Trust remains in existence, until all allowed claims have been paid in full (or agreed to some other treatment) or until the Plan Trustee is no longer the Plan Trustee, whichever is earlier.

5.1.2 **Removal, Resignation and Replacement of the Plan Trustee**. Any party-in-interest may seek the removal of the Plan Trustee for cause. "Cause" includes, without limitation, any substantial failure to comply with this Plan Trust or a consistent pattern of neglect and failure to perform or participate in performing the duties hereunder. Such removal will take effect upon entry of the Bankruptcy Court's order removing the Plan Trustee or such other time as may be specified in such order. Upon any such removal, the removed Plan Trustee will be entitled to any and all reimbursement and indemnification set forth in this Agreement which remains due and owing to the Plan Trustee at the time of such removal. The Plan Trustee may resign, subject to Bankruptcy Court approval, upon the filing a declaration stating the reasons for his or her resignation. Upon the resignation or removal of the Plan Trustee, a successor plan trustee shall be selected by mutual agreement of the Debtor and SecGen, and if such parties cannot reach an agreement, then by the Office of the United States Trustee. Any successor plan trustee appointed hereunder shall execute an instrument accepting such appointment hereunder and shall file a copy with the Court. Thereupon, such successor plan trustee shall, without any further act, become vested with all of the estates, properties, rights, powers, trusts, and duties of his or her predecessor in the Plan Trust hereunder with like effect as if originally named herein.

5.1.3 **Compensation of the Trustees**. In accordance with the notice provisions set forth below, the Plan Trustee shall be compensated at his or her regular hourly rates charged to his or her other clients at the time services are rendered and shall be reimbursed for costs.

5.2   **Powers of the Trustee**. Subject to all other provisions of this Plan Trust, the Plan and the Confirmation Order, the Plan Trustee shall have the rights, powers and duties set forth in the Plan, this Agreement, the Confirmation Order, and Bankruptcy Code §§ 505, 1107 and 1108. The Plan Trustee shall administer the Plan Trust and its assets in accordance with the Plan. Upon the Effective Date, the Plan Trustee shall be empowered to take and shall take possession of all Assets. Without further motion, notice, or order of the Court (unless expressly provided otherwise herein), the Plan Trustee shall be authorized, empowered and directed to take all actions necessary to comply with the Plan, this Plan Trust and the Confirmation Order, and exercise and fulfill the duties and obligations arising thereunder, including, without limitation to:

a.   Subject to further motion, notice and order of the Court, employ one or more attorneys, accountants, auctioneers, brokers, managers, consultants, other professionals, agents, investigators, expert witnesses, consultants, and advisors to assist the Plan Trustee in performing his or her duties under the Plan;

b.   Effectuate the Claims reconciliation process, including to object to, seek to subordinate, compromise or settle any and all Claims against the Debtor pursuant to the terms of the Plan;

c.   Open, maintain and administer bank accounts as necessary to discharge the duties of the Plan Trustee under the Plan;

d.   Make Distributions to the holders of allowed claims in accordance with the Plan;

e.   Subject to further motion, notice and order of the Court, pay reasonable and necessary professional fees, costs, and expenses of the Plan Trust;

f.   Investigate, analyze, commence, defend, prosecute, litigate, compromise, settle, dismiss, and otherwise administer litigation, contested matters, and adversary proceedings in which the Debtor is a party and all Causes of Action and Avoidance Actions for the benefit of the Plan Trust and its beneficiaries, as set forth in the Plan, and to take all other necessary and appropriate steps to collect, recover, settle, liquidate, or otherwise reduce to cash or property all Causes of Action and Avoidance Actions as the Plan Trustee may determine is in the best interests of the Plan Trust;

g. Administer, sell, liquidate, or otherwise dispose of the Assets held by the Plan Trust in accordance with the terms of the Plan and Plan Trust;

h. Incur and pay reasonable and necessary expenses in connection with the performance of the Plan Trustee's duties under the Plan, including, without limitation, costs and expenses associated with selling and/or otherwise liquidating the Assets;

i. Represent the Estate before the Court and other courts of competent jurisdiction with respect to matters concerning the Plan Trust;

j. Seek the examination of any entity under and subject to the provisions of Bankruptcy Rule 2004;

k. Comply with applicable orders of the Court and any other court of competent jurisdiction over the matters set forth in the Plan;

l. Comply with all applicable laws and regulations concerning the matters set forth in the Plan;

m. Exercise such other powers as may be vested in the Plan Trust pursuant to the Plan, the Confirmation Order, or other Final Orders of the Court; and

n. Execute any documents, instruments, contracts, and agreements necessary and appropriate to carry out the powers and duties of the Plan Trust.

5.2.1 **Bank Accounts**. The Plan Trustee shall have sole signing authority and control over all Plan Trust bank accounts (collectively, the "**Trust Accounts**"), including at least one (1) general account ("**General Account**") and three (3) reserve accounts ("**Reserve Accounts**"), each at federal insured financial institution. One reserve account shall be maintained for the payment of (1) all reasonably anticipated expenses, debts, charges, liabilities and obligations of the Plan Trust, including, but not limited to, any federal, state, or local taxes or fees which may be imposed on the Plan Trust, and professionals employed by the Trustee on behalf of the Plan Trust, and (2) allowed priority or administrative claims pursuant to 11 U.S.C. §§ 507 and/or 503 (the "**Trust Administrative Fund**").

6

The Trust Administrative Fund will be funded in such amounts deemed reasonably necessary by the Trustee in his or her sole discretion. It is the intent of this provision that the Trustee reserve sufficient amounts to permit the payment in full of both *pre* and *post* Effective Date claims allowed by the Court pursuant to 11 U.S.C. § 503 when the payment of such claims is required by the Plan or this Trust. Any balance remaining in the Trust Administrative Fund, after the payment of all expenses, debts, charges, liabilities and obligations intended to be paid therefrom, will be promptly distributed in accordance with the terms of the Plan.

A second Reserve Account shall be maintained for amounts, if any, that the Plan requires be reserved for the secured claim(s) of Second Generation, Inc. (the "**SecGen Reserve Account**"). Funds shall be deposited in the SecGen Reserve Account when required by the Plan.

The third Reserve Account shall be maintained for amounts that the Plan requires be reserved for the claims of creditors other than Second Generation, Inc., which have yet to be allowed or disallowed, until such claims have been allowed, disallowed or withdrawn (the "**General Unsecured Creditor's Reserve Fund**"). Funds shall be transferred from the General Account to the General Unsecured Creditor's Reserve Fund as funds are distributed to holders of allowed general unsecured claims on the terms and conditions of, and when required in, the Plan. The amount so deposited shall be the *pro-rata* shares of any distributions that would have been paid to holders of disputed claims if such claims had not been disputed.

The Trustee may maintain additional Plan Trust accounts for the purpose of further segregating funds or to earn interest. None of the Plan Trust Accounts shall be IOLTA accounts or otherwise co-mingled with the funds of the Trustee's clients and all interest shall accrue solely for the benefit of Plan Trust beneficiaries.

Upon a reasonable request from parties-in-interest, and within a reasonable amount of time after such request, the Trustee shall provide such requesting party with information about the funds on hand, deposits, and expenditures from the Plan Trust Accounts.

       5.2.2    **Administration of Plan Trust**. In administering the Plan Trust, the Plan Trustee, subject to the express limitations contained herein (including the obligation in certain instances to obtain Bankruptcy Court approval), is authorized and directed to do and perform all, such acts, to execute and deliver such deeds, bills of sale, instruments of conveyance, and other documents as she or he may deem necessary or advisable to carry out the purposes of the Plan Trust.

5.3 **Dispute Resolution**. Any dispute that may arise with respect to the terms of this Plan Trust shall be decided by the Bankruptcy Court.

5.4 **Trustee Liabilities**. In no event will the Trustee be required or obligated to use his or her own personal property, funds or assets to satisfy any claims asserted in the case.

5.5 **Employer Identification Number**. If necessary, the Plan Trustee shall obtain an employer identification number for the Plan Trust.

5.6 **Payment of Expenses and Other Liabilities**. The Plan Trustee shall be authorized to pay all expenses of the Plan Trust incurred following the Effective Date in the ordinary course of administering the Plan Trust and its assets, including, without limitation, the taxes of the Plan Trust and any quarterly fees due to the Office of the United States Trustee for the period of time following the Effective Date. The Plan Trustee may from time to time reserve amounts as the Plan Trustee in his or her reasonable discretion and business judgment determines to be necessary or advisable to satisfy such expenses of the Plan Trust, with such expenses being subordinated to allowed Chapter 11 administrative expenses (including allowed §503(b) claims, expect to the extent such claimholders agree otherwise. The Trustee may pay such ordinary course expenses without application to, or order of, the Court, subject to the notice, hearing, and order requirements for any administrative claim asserted pursuant to 11 U.S.C. §§ 507 and/or 503 and the notice provisions contained herein for payments of the fees and costs of the Plan Trustee and any professionals employed by the Plan Trustee. The claims asserted in the case and classified in the Plan are not considered expenses of the Plan Trust for purposes of this Section 5.6 or otherwise.

5.7 **Fiscal Year Tax Year Accounting Method**. The Plan Trust's fiscal year will end on December 31 of each year, unless the Plan Trustee deems it advisable to establish some other date on which the fiscal year of the Plan Trust will end. The Plan Trust's taxable year is the calendar year. If necessary, the Plan Trust will use an accrual method of accounting within the meaning of Section 446(c) of the Internal Revenue Code of 1986, as amended (the "**Tax Code**"). The Plan Trustee shall cause tax returns to be filed on behalf of the Plan Trust.

5.8 **Withholding Requirements**. The Plan Trustee shall comply with any tax withholding and reporting requirements imposed on it by any governmental unit.

0023

5.9.   **Reports**: The Plan Trustee shall prepare quarterly reports (the "**Quarterly Reports**") to creditors and to the court in accordance with the terms of the Plan.  The Quarterly reports shall include a summary of activity in the Trust Accounts, the sale of assets of assets of the Plan Trust, the payment of allowed administrative claims, any distributions to the holders of allowed claims, the payment of expenses of the Plan Trust, and the payment of professional fees.  In the exercise of her or his business judgment, the Plan Trustee may retain accounting professionals to assist him or her in the preparation of the Reports. The Plan Trustee shall provide monthly reports to parities-in-interest upon request.  The Monthly Reports need not be as detailed as the Quarterly Reports.

6.   **PROFESSIONALS**:

6.1   **Retention**.  Upon a duly noticed motion or application in accordance with the Local Bankruptcy Rules and subject to Court approval, the Plan Trustee may retain on behalf of the Plan Trust professionals, including attorneys and accountants that the Trustee determines are necessary or appropriate in carrying out the provisions of the Plan, the Confirmation Order, and this Trust.  The Plan Trustee shall provide a copy of this Plan Trust instrument to each professional employed by the Plan Trust.

6.2   **No duplication of work**.  The professionals employed by the Plan Trustee shall not duplicate each other's work.

6.3   **Payment of Professionals**:   On a monthly basis, the Plan Trustee and the professionals employed by the Plan Trustee shall serve on the Debtor, SecGen, and the holders of the five largest claims, fee statements for their respective fees and costs for the preceding month.  The Debtor, SecGen, Inc., and any other party-in-interest shall have ten (10) days to serve an objection to such fee statements on the Plan Trustee and the applicable professional.  If no written objection is timely served, then the Plan Trustee shall be authorized to pay the fees and costs set forth in the fee statements.  If a written objection is timely served, the Plan Trustee or the applicable professional, as the case may be, shall set the matter for hearing with the Court on no less than ten (10) days' notice to the party (ies) who filed the objection for the Court to review the reasonableness of the fees requested, and the Plan Trustee shall pay such fees as ordered by the Court.

7.   **LITIGATION AND CLAIMS OBJECTIONS**.

7.1   **Actions to which the Estate is a party**.  With the exception of the Malpractice Case, upon the Plan Trust Effective Date, the Plan Trustee shall be the

9

0024

successor to the Debtor's estate and shall replace and stand in the shoes of the Debtor's
estate as the party-in-interest in any and all litigation, lawsuits, contested matters, or
adversary proceedings in which the Debtor's estate is a party as of the Plan Trust
Effective Date, and the Plan Trustee shall have the sole authority to enforce, prosecute,
defend, settle, or otherwise administer such litigation, lawsuits, contested matters, or
adversary proceedings and any and all Causes of Action and Avoidance Actions. As of
the Plan Trust Effective Date, shall be the sole party with authority to enforce, file,
litigate, prosecute, settle (subject to Court approval), and collect with respect to any
Causes of Action and Avoidance Actions.  A settlement of any Cause of Action or
Avoidance Action shall require approval of the Bankruptcy Court upon a noticed motion.

       **7.2**    <u>**Avoidance Actions**</u>.  On behalf of the Plan Trust, the Plan Trustee may, in
the exercise of his or her business judgment, file, prosecute and/or settle (subject to Court
approval) any Avoidance Actions for the benefit of the Plan Trust, including, without
limitation, any action to avoid the alleged liens of SecGen, and any preferential,
fraudulent, or unauthorized post-petition transfer claims to avoid and recover the
February 2018 Chanh Voung Transfers to Chanh Vuong, transfers to any subsequent
transferee of Chanh Vuong, the Attachment Lien Avoidance Action, and any other
avoidance actions.

       **7.3**    <u>**Legal Negligence Claims**</u>. Notwithstanding anything herein to the
contrary, the Malpractice Case shall not vest in the Plan Trust, but shall be retained by
Trinh.  Any net recovery in the Malpractice Case shall be paid either directly to the Plan
Trust or to counsel for Trinh, who shall pay to the Plan Trustee any net amount that
would otherwise be due to Trinh. The Plan Trustee and Trinh may, subject *either* to (a)
Court approval or (b) the SecGen's approval, enter into an agreement to compensate
Trinh for her cooperation in connection with the prosecution of the Malpractice Case.
Trinh shall report to the Plan Trustee regarding the progress and status of the Malpractice
Case and shall promptly respond to requests for information from the Plan Trustee.
Alternatively, Trinh may authorize the Plan Trustee to speak directly with her counsel
about the status of the Malpractice Case.  Such authorization shall not constitute a waiver
of the attorney-client privilege.

       **7.4**    <u>**Voong Adversary Action**</u>.  Upon the Plan Effective Date, the Plan Trustee
shall have the option of either (a) substituting into the Voong Adversary Action as the
real party in interest in the place and stead of SecGen or   (b) permitting SecGen to retain
derivative standing and authority to intervene in the Voong Adversary Proceeding as

ordered by the Court in its *Order Granting Motion by Second Generation, Inc. for an Order: (1) Permitting Second Generation to Intervene in the Pending Adversary Proceeding; and (2) Granting Second Generation Standing to Pursue Estate Claims in Connection with the Adversary Proceeding.* [Doc. 20 (Adversary Docket)]. It is anticipated that SecGen will seek an administrative claim pursuant to 11 U.S.C. §503(b) for attorney fees attorney fees and costs incurred SecGen in connection with the Voong Adversary Action through the Plan Trust Effective Date. It is further anticipated that after the Plan Trust Effective Date, the Plan Trustee will step into the shoes of the Debtor's Estate and SecGen in connection with the prosecution of the Voong Adversary Action. In the absence of an actual conflict and with appropriate conflict waivers, the Plan Trustee may retain SecGen's current counsel to represent the Plan Trustee in the Voong Adversary Action.

     **7.5**    **Claims Objections**. On behalf of the Plan Trust and in the exercise of his or her business judgment, the Plan Trustee shall have standing and the right to file objections to claims. Any party-in-interest may object to claims at such party's own expense. The Trustee shall have sole and exclusive authority to settle any claim objection or claim and any settlement shall require the approval of the Bankruptcy Court upon a noticed motion. If a party-in-interest (other than the Plan Trustee) objects to a claim in good faith and such objection results in the disallowance of all or part of a claim, then the objecting party shall be entitled to reimbursement of its reasonable fees and costs incurred in connection with such objection up to the amount disallowed and taking into consideration the expected recovery for the holders of allowed claims. By way of example, if a party-in-interest successfully obtains the disallowance of $100,000 of a claim that would otherwise have received a 50% dividend, the party-in-interest would be entitled to be reimbursed its reasonable fees and costs actually incurred in connection with the objection up to $50,000. If an objecting party who is not an insider of the Debtor and the Trustee are able to reach an agreement on the amount to be reimbursed to the objecting party consistent with this Section, then the Plan Trustee shall be authorized to pay the amount so agreed without further notice, hearing, or order of the Court. If the Trustee cannot agree on the amount of such reimbursement, or if the party seeking reimbursement is the Debtor or an insider of the Debtor, then the party seeking reimbursement may apply to the bankruptcy court for reimbursement of the amount permitted by this Section (and as capped by this Section) pursuant to 11 U.S.C. § 503.

**8.**    **ASSET SALES**. The Plan Trustee shall sell and/or otherwise administer the Assets of the Plan Trust in order to maximize the value for the holders of allowed claims.

The Trustee shall not have authority to administer assets that are entirely exempt and listed on Debtor's Schedule "C," as such assets are not transferred to the Plan Trust. Upon the liquidation of a particular asset and the Plan Trust's receipt of the resulting proceeds, the Plan Trustee shall cause the Plan Trust to pay to Trinh an amount equal to any valid exemption in such asset.  The foregoing notwithstanding, if SecGen's Attachment Lien against $37,853.89 of segregated Cathay Bank Account Proceeds is avoided, such funds shall remain in the Plan Trust to be disbursed pursuant to the Plan. The sale of any asset of the Plan Trustee shall be subject to Bankruptcy Court approval.

**9.** **TERMINATION OF PLAN TRUST**.  The Plan Trust will, subject to Bankruptcy Court approval, terminate upon the earlier of (a) the completion of the Plan Trustee's obligations under the Plan, the administration of all Assets of the Plan Trust, the payments to all holders of allowed claims required by the Plan, or (b) the payment in full of all allowed claims, including general unsecured and administrative claims and the payment of all expenses of the Plan Trust.  Upon the termination of the Plan Trust, all Plan Trust assets shall become property of Trinh as the remainder beneficiary of the Plan Trust.

10.    **OTHER DUTIES OF THE PLAN TRUSTEE**.

10.1    **No Implied Duties**. The Plan Trustee will not manage, control, use, dispose, collect or otherwise deal with the Plan Trust estate or otherwise take any action hereunder except as expressly provided herein, and no implied duties or obligations whatsoever of the Plan Trustee will be read into this Agreement.

10.2    **Limitation on Powers**.  Notwithstanding anything under applicable law or this Agreement to the contrary, the Plan Trustee will not do or undertake any action prohibited by the Plan, the Confirmation Order or this Agreement.

10.3    **Acceptance by the Trustee**.  By signing this Agreement, the Plan Trustee accepts the Plan Trust hereby created and agrees to act as Plan Trustee of the Plan Trust pursuant to the terms of this Agreement.  The Plan Trustee will have and exercise the rights and powers herein granted and will be charged solely with the performance of the duties herein declared.  The Plan Trustee agrees to receive and disburse all property actually received by her or him constituting part of the Plan Trust estate pursuant to the terms of this Agreement and the Plan.

10.4    **Limitation on Liability**. The Plan Trustee will not be liable for any action taken or omitted by him or her in good faith and believed by him or to be authorized

hereby or within the rights or powers conferred upon him hereunder, or taken or omitted by him or her in accordance with advice of counsel (which counsel may be of the Plan Trustees' own choosing), and will not be liable for any mistake of fact or error of judgment or for any acts or omissions of any kind unless caused by willful misconduct or gross negligence.

10.5  **Discretion of the Plan Trustee.**  After forming his or her best reasonable business judgment based upon the circumstances of any particular question or situation as to the best course to pursue and without the necessity of obtaining the consent or permission or authorization of the holders of allowed claims under the Plan, the Court, the Plan Trustee may act freely under all or any of the rights, powers and authority conferred hereby in all matters concerning the Plan Trust and the powers and authority conferred on the Trustees by this Agreement, the Plan or the Confirmation Order are conferred in contemplation of such freedom of reasonable business judgment and action within the limitations and restrictions so expressed and imposed within the limitations and restrictions expressed and imposed herein or under the Plan or Confirmation Order; provided, however, that the Plan Trustee will not be liable for any error or exercise of judgment, unless it will be proved that the Trustee was grossly negligent or acted in a manner which constituted willful misconduct.

11.  **RELIANCE BY THE PLANTRUSTEES.**

11.1  **Genuineness of Documents**. The Trustees may rely and will be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, objection, order, judgment, decree, or other paper or document reasonably believed by him or her to be genuine and to have been signed, made, entered or presented by the proper party, parties, official, officials, entity or entities.

11.2  **Reliance on Certificates or Opinions**.  In the absence of gross negligence or willful misconduct on the part of the Plan Trustees, they may conclusively rely, as to the truth of the statements and the correctness of the opinions expressed therein, on any certificates or opinions furnished to them and conforming to the requirements of this Agreement, but in the case of any such certificates or opinions that are specifically required to be furnished to the Plan Trustee by any provision hereof, the Plan Trustee will be under a duty to examine the same to determine whether or not they conform to the requirements of this Agreement.

11.3  **Reliance on Counsel and Accountants**.  The Plan Trustee may consult with legal counsel and with independent public accountants and other experts to be

selected by them.  In the absence of gross negligence or willful misconduct on the part of the Plan Trustees, they will not be liable for any action taken or for any omission made in reliance on any opinion or certification of such accountants or in accordance with the advice of such counsel or experts, provided that such accountants, counsel and experts were selected and retained with reasonable care.

11.4    **Reliance on Plan Trustee**.  No person dealing with the Plan Trustee will be obligated to inquire into the expediency or propriety of any transaction or the right, power, or authority of the Plan Trustee to enter into or consummate the same upon such terms as the Plan Trustee may deem advisable.  Persons dealing with the Plan Trustee shall look only to the Plan Trust to satisfy any liability incurred by the Plan Trustee to such persons in carrying out the terms of this Agreement; and, except as otherwise expressly provided herein, the Plan Trustee will have no personal, corporate, or individual obligation to satisfy any such liability.

11.5    **Indemnification of Plan Trustee and Agents**.  The Plan Trustee will be indemnified out of the Plan Trust's assets to the full extent of the Plan Trust's assets, against any and all liabilities and expenses (including attorneys' fees), judgments, fines and amounts paid and actually and reasonably incurred by the Trustee in connection with the defense or disposition of any threatened, pending, or completed action, suit or other proceeding whether civil, criminal, administrative, or investigative, by reason of his or her being or having been the Plan Trustee and performing of the Plan Trustee's powers and duties under the Plan or this Trust; provided, however that she or he will not be entitled to have such indemnification in respect of any matter as to which she or he will have been adjudicated to have acted in bad faith or with willful misconduct or gross negligence or in reckless disregard of her or his duties.  The rights accruing to the Plan Trustee under these provisions will not exclude any other right to which she he may be lawfully entitled.

11.6    **Payment of Expenses**.  The Plan Trustee may make advance payments for expenses (including attorneys' fees) incurred in defending any action, suit or proceeding for which the Plan Trustee is entitled to indemnification, provided that the indemnified the Plan Trustee will have given a written undertaking to repay any amount advanced to her or him and to reimburse the Plan Trust in the event it is subsequently determined that the Trustee is not entitled to such indemnification.

11.7    **Insurance**.  The Plan Trustee may purchase such insurance as she or he determines, in the exercise of her or his reasonable discretion, adequately insures the Trustees.

0029

12.    **SUPPLEMENTS AND AMENDMENTS TO THIS PLAN TRUST AGREEMENT.** Upon the execution of any declaration of amendment or supplement and after approval by the Court, this Agreement will be deemed to be modified and amended in accordance therewith and the respective rights, limitations of rights, obligations, duties and immunities under this Agreement of the Plan Trustee will thereafter be determined, exercised and enforced hereunder subject in all respects to such modification and amendment, and all the terms and conditions of any such amendment or supplement will be thereby deemed to be part of the terms and conditions of this Agreement for any and all purposes.

13.    **MISCELLANEOUS**.

13.1    **Bond**. The Plan Trustee will not be required to post any bond or other form of surety or security unless otherwise ordered by the Bankruptcy Court.

13.2    **Notices**.  Unless otherwise expressly specified or permitted by the terms of the Plan or this Agreement, all notices must be in writing and delivered by mail, overnight delivery (e.g. Fedex), by a hand, or by email (with email confirmation of receipt by recipient), in any such case addressed as follows:

> **If to Trinh**:
>
> Catherine Trinh
>
> 325 W. Las Flores Ave.
>
> Arcadia, CA 91007
>
> Phone: (626) 215-1430
>
> Email: cathyvietmy@gmail.com
>
> With copy to
>
> Marc Lieberman (marc.lieberman@flpllp.com) and
>
> Alan Forsley (alan.forsley@flpllp.com)
>
>
> **If to Plan Trustee**:
>
> Howard Grobstein, CPA
>
> Grobstein Teeple, LLP

6300 Canoga Avenue, Site 1500W

Woodland Hills, CA 91637

Tel. 818.532.1020

Email (to both): hgrobstein@gtllp.com and hbgtrustee@gtllp.com

and if to any other party in interest, addressed to its latest mailing address reflected in the Debtor's schedules or the claims register maintained by the Bankruptcy Court.

13.5  **Severability**. In the event any provision of this Agreement or the application thereof to any person or circumstances will be finally determined by a court of proper jurisdiction to be invalid or unenforceable to any extent, the remainder of this Agreement, or the application of such provision to persons or circumstances other than those as to which it is held invalid or unenforceable, will not be affected thereby, and each provision of this Agreement will be valid and enforced to the fullest extent permitted by law.

13.6  **Counterparts**. This Agreement may be executed in multiple counterparts, each of which will constitute an original, but all of which together will constitute one and the same instrument.

13.7  **Binding Agreement**. All covenants and agreements contained herein will be binding upon, and inure to the benefit of, the Plan Trustee and to and any successor Plan Trustee and his or her respective successors and assigns, and the holders of allowed claims under the Plan and their respective personal representatives, successors and assigns. Any request, notice, direction, consent, waiver or other instrument or action by any party hereto or any holder of an allowed claim under the Plan will bind their respective heirs, personal representatives, successors and assigns.

13.8  **Liability of the Plan Trust**. Liabilities of the Plan Trust, if any, are to be satisfied in all events exclusively from the Plan Trust assets and such liabilities are not to attach to, or be paid from, any amounts distributed to the holders of allowed claims under the Plan, regardless of the time at which such distribution took place, or from the assets of such holders of allowed claims.

13.9  **Headings**. The headings of the various Sections herein are for convenience of reference only and will not define or limit any of the terms or provisions hereof.

13.10  **Construction.**  Except where the context otherwise requires, words importing the masculine gender will include the feminine and the neuter, if appropriate;

words importing the singular number will include the plural number and vice versa; and words importing persons will include partnerships, associations, and corporations.

13.11 **Governing Law**. This Agreement including all matters of construction, validity and performance hereof, will in all respects be governed by, and construed and interpreted in accordance with the internal laws of the State of California.

13.12 **Construction with the Plan**. The Plan is hereby incorporated fully by reference and is made a part hereof for all purposes. In the event of any inconsistency or conflict between the terms, conditions, definitions and provisions of this Agreement and the terms, conditions and provisions of the Plan, the terms, conditions, definitions and provisions of the Plan Trust will control.

13.13 **Subject to Bankruptcy Court's Jurisdiction**. The Court will retain jurisdiction over this Plan Trust, the Plan Trust estate, and the holders of allowed claims (a) ensure that the provisions of this Agreement are complied with; and (b) issue any and all orders and take other actions necessary to implement this Agreement. Such jurisdiction will include, without limitation, the jurisdiction contemplated by Section 1142 of the Bankruptcy Code.

13.14 **Intention of the Parties**. The holders of allowed claims under the Plan and the Plan Trustee hereby express their intent to create and maintain the Plan Trust as a grantor trust for federal income tax purposes within the meaning of Sections 671-677 of the Internal Revenue Code of 1986, as amended, of which the owner-beneficiaries are the prior holders of the equity interests in the Debtor.

_____

Catherine Trinh, Debtor and Debtor-in-Possession


*Plan Trustee*


_____

Howard Grobstein, CPA


0032

# EXHIBIT B

0033

# Central District of California
# Claims Register

### 2:18-bk-11475-RK Catherine Trinh

**Judge:** Robert N. Kwan     **Chapter:** 11
**Office:** Los Angeles     **Last Date to file claims:**
**Trustee:**     **Last Date to file (Govt):**

| Creditor:      (38370324)<br>INTERNAL REVENUE SERVICE<br>300 N LOS ANGELES STREET<br>MS 5022<br>LOS ANGELES, CA 90012 | Claim No: 1<br>Original Filed<br>Date: 03/07/2018<br>Original Entered<br>Date: 03/07/2018<br>Last Amendment<br>Filed: 11/16/2018<br>Last Amendment<br>Entered: 11/16/2018 | Status:<br>Filed by: CR<br>Entered by: Timothy C Schakow<br>Modified: |
|---|---|---|

| Amount | claimed: | $0.00 | | |
|---|---|---|---|---|
| Secured | claimed: | $0.00 | | |
| Priority | claimed: | $0.00 | | |

| History: | | | |
|---|---|---|---|
| Details | 1-1 | 03/07/2018 | Claim #1 filed by INTERNAL REVENUE SERVICE, Amount claimed: $200000.00 (Schakow, Timothy) |
| Details | 1-2 | 11/16/2018 | Amended Claim #1 filed by INTERNAL REVENUE SERVICE, Amount claimed: $0.00 (Schakow, Timothy) |

Description:

Remarks:

| Creditor:      (38523460)<br>LOS ANGELES COUNTY TREASURER<br>AND TAX COLLECTOR<br>PO BOX 54110<br>LOS ANGELES CA 90054-0110 | Claim No: 2<br>Original Filed<br>Date: 05/17/2018<br>Original Entered<br>Date: 05/17/2018 | Status: Withdraw 215<br>Filed by: CR<br>Entered by: Oscar Estrada<br>Modified: |
|---|---|---|

| Amount | claimed: | $39490.87 | | |
|---|---|---|---|---|
| Secured | claimed: | $39490.87 | | |

| History: | | | |
|---|---|---|---|
| Details | 2-1 | 05/17/2018 | Claim #2 filed by LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR, Amount claimed: $39490.87 (Estrada, Oscar) |
| | 215 | 01/08/2019 | Withdrawal of Claim(s): 2 -1 Filed by Creditor LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR. (Estrada, Oscar) Status: Withdraw |

Description: (2-1) 5785-019-107

Remarks:

| Creditor:      (38628093)<br>Second Generation, Inc. | Claim No: 3<br>Original Filed | Status:<br>Filed by: CR |
|---|---|---|

0034

EXHIBIT B

1/20/2020, 10:55 AM

| 4433 Pacific Boulevard<br>Vernon, CA 90058 | Date: 07/13/2018<br>Original Entered<br>Date: 07/13/2018 | Entered by: Robert S Marticello<br>Modified: |
|---|---|---|

| Amount | claimed: | $3451314.02 | | ‖ |
|---|---|---|---|---|

| History: |
|---|
| Details | | 3-1 | 07/13/2018 | Claim #3 filed by Second Generation, Inc., Amount claimed: $3451314.02<br>(Marticello, Robert) |

| Description: |
|---|
| Remarks: |

| Creditor:     (38642139)<br>Resch Polster & Berger LLP<br>1840 Century Park East, 17th Floor<br>Los Angeles, CA 90024 | Claim No: 4<br>Original Filed<br>Date: 07/25/2018<br>Original Entered<br>Date: 07/25/2018 | Status:<br>Filed by: CR<br>Entered by: Sandra Khalili<br>Modified: |
|---|---|---|

| Amount | claimed: | $152890.49 | | ‖ |
|---|---|---|---|---|

| History: |
|---|
| Details | | 4-1 | 07/25/2018 | Claim #4 filed by Resch Polster & Berger LLP, Amount claimed: $152890.49<br>(Khalili, Sandra) |

| Description: |
|---|
| Remarks: |

| Creditor:     (39176167)<br>Ronald P Slates, A Professional<br>Corporation<br>500 South Grand Ave., Suite 2010<br>Los Angeles, CA 90071 | Claim No: 5<br>Original Filed<br>Date: 10/31/2018<br>Original Entered<br>Date: 10/31/2018 | Status:<br>Filed by: CR<br>Entered by: ePOC-User AutoDocket<br>Modified: |
|---|---|---|

| Amount | claimed: | $31065.21 | | ‖ |
|---|---|---|---|---|

| History: |
|---|
| Details | | 5-1 | 10/31/2018 | Claim #5 filed by Ronald P Slates, A Professional Corporation, Amount claimed:<br>$31065.21 (AutoDocket, ePOC-User) |

| Description: |
|---|
| Remarks: (5-1) Account Number (last 4 digits):2104 |

| Creditor:     (39497867)<br>Wesley H. Avery, Chapter 7 Trustee | Claim No: 6<br>Original Filed | Status:<br>Filed by: CR |
|---|---|---|

| History: |
|---|
| Details | | 6-1 | 04/18/2019 | Claim #6 filed by Wesley H. Avery, Chapter 7 Trustee, Amount claimed:<br>$47689215.09 (Hays, D) |
| | | 291 | 05/02/2019 | Motion RE: Objection to Claim Number 6 by Claimant Wesley H. Avery, Chapter 7<br>Trustee of in re Kody Branch of California, Inc.. *with proof of service* Filed by Debtor<br>Catherine Trinh (Forsley, Alan) |

| Description: |
|---|
| Remarks: |

0035

| c/o Marshack Hays LLP 870 Roosevelt Irvine, CA 92620 | Date: 04/18/2019 Original Entered Date: 04/18/2019 | Entered by: D Edward Hays Modified: |
|---|---|---|

| Amount claimed: | $47689215.09 | |
|---|---|---|

**History:**

| Details | 6-1 | 04/18/2019 | Claim #6 filed by Wesley H. Avery, Chapter 7 Trustee, Amount claimed: $47689215.09 (Hays, D) |
|---|---|---|---|
| | 291 | 05/02/2019 | Motion RE: Objection to Claim Number 6 by Claimant Wesley H. Avery, Chapter 7 Trustee of in re Kody Branch of California, Inc.. *with proof of service* Filed by Debtor Catherine Trinh (Forsley, Alan) |

**Description:**

**Remarks:**

| Creditor: (39284898) Blanchard, Krasner & French 800 Silverado Street, 2nd Floor La Jolla, CA 92037 | Claim No: 7 Original Filed Date: 04/23/2019 Original Entered Date: 04/23/2019 Last Amendment Filed: 04/24/2019 Last Amendment Entered: 04/24/2019 | Status: Filed by: CR Entered by: Jordan E Ondatje Modified: |
|---|---|---|

| Amount claimed: | $12569.45 | |
|---|---|---|

**History:**

| Details | 7-1 | 04/23/2019 | Claim #7 filed by Blanchard, Krasner & French, Amount claimed: $12569.45 (Ondatje, Jordan) |
|---|---|---|---|
| Details | 7-2 | 04/24/2019 | Amended Claim #7 filed by Blanchard, Krasner & French, Amount claimed: $12569.45 (Ondatje, Jordan) |

**Description:** (7-1) Legal Services Performed
(7-2) Legal Services Performed

**Remarks:** (7-1) Please see Attachments to this Proof of Claim
(7-2) Proof of Claim Form not filed with Attachments

## Claims Register Summary

**Case Name:** Catherine Trinh
**Case Number:** 2:18-bk-11475-RK
**Chapter:** 11
**Date Filed:** 02/09/2018
**Total Number Of Claims:** 7

| Total Amount Claimed* | $51376545.13 |
|---|---|
| Total Amount Allowed* | |

*Includes general unsecured claims

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

0036

|                | Claimed     | Allowed |
|----------------|-------------|---------|
| Secured        | $39490.87   |         |
| Priority       | $0.00       |         |
| Administrative |             |         |

---

| PACER Service Center | | | | |
|---|---|---|---|---|
| **Transaction Receipt** | | | | |
| 01/20/2020 10:54:49 | | | | |
| **PACER Login:** | LiebermanLaw2015:2598654:0 | **Client Code:** | rinh | |
| **Description:** | Claims Register | **Search Criteria:** | 2:18-bk-11475-RK Filed or Entered From: 12/31/2017 Filed or Entered To: 12/31/2020 | |
| **Billable Pages:** | 1 | **Cost:** | 0.10 | |

0037

# EXHIBIT C

Case 2:18-bk-11475-RK    Doc 44    Filed 04/04/18    Entered 04/04/18 10:41:47    Desc
Main Document    Page 14 of 40

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Catherine Michella Trinh** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | **2:18-bk-11475-RK** |
| (if known) | |

■ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

**Part 1:    List All of Your PRIORITY Unsecured Claims**

1.  Do any creditors have priority unsecured claims against you?
    ■ No. Go to Part 2.
    ☐ Yes.

**Part 2:    List All of Your NONPRIORITY Unsecured Claims**

3.  Do any creditors have nonpriority unsecured claims against you?
    ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.
    ■ Yes.

4.  List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim. If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3. If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

| | | Total claim |
|---|---|---|
| **4.1    Baldwin Sun, Inc.** | Last 4 digits of account number ____ ____ ____ ____ | **$420,218.17** |
| Nonpriority Creditor's Name | | |
| **140 N. Orange Ave** | When was the debt incurred?    **Sept., 2017** | |
| **La Puente, CA 91744** | | |
| Number Street City State Zip Code | As of the date you file, the claim is: Check all that apply | |
| Who incurred the debt? Check one. | | |
| ☐ Debtor 1 only | ■ Contingent | |
| ☐ Debtor 2 only | ☐ Unliquidated | |
| ☐ Debtor 1 and Debtor 2 only | ☐ Disputed | |
| ■ At least one of the debtors and another | Type of NONPRIORITY unsecured claim: | |
| ☐ Check if this claim is for a community debt | ☐ Student loans | |
| Is the claim subject to offset? | ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims | |
| ■ No | ☐ Debts to pension or profit-sharing plans, and other similar debts | |
| ☐ Yes | ■ Other. Specify    **Personal guaranty given to Baldwin Sun for merchandise delivered to My Chang Vong.** | |

Case 2:18-bk-11475-RK   Doc 44   Filed 04/04/18   Entered 04/04/18 10:41:47   Desc
Main Document     Page 15 of 40

Debtor 1   __Catherine Michella Trinh__                                    Case number (if know)   __2:18-bk-11475-RK__

| 4.2 | Ca Voong | Last 4 digits of account number _____ | $20,000.00 |
|---|---|---|---|

**Nonpriority Creditor's Name**
**88 Muth Dr.**
**Orinda, CA 94563**
Number Street City State Zip Code

When was the debt incurred?   __February, 2018__

**Who incurred the debt? Check one.**

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

**Is the claim subject to offset?**

■ No
☐ Yes

■ Other. Specify   Personal loan ear marked for attorney fees.

---

| 4.3 | Cong ty may Viet my, Inc. | Last 4 digits of account number _____ | $280,000.00 |
|---|---|---|---|

**Nonpriority Creditor's Name**
**27 Đo Van Day, Tân Thoi Nhat, Tân Hiep, Hóc Môn**
**Vietnam**
Number Street City State Zip Code

When was the debt incurred?   __2017__

**Who incurred the debt? Check one.**

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

**Is the claim subject to offset?**

■ No
☐ Yes

■ Other. Specify   Personal loan for past living expenses and earmarked for attorney fees.

---

| 4.4 | Cong ty may Viet my, Inc. | Last 4 digits of account number _____ | $786,240.00 |
|---|---|---|---|

**Nonpriority Creditor's Name**
**27 Đo Van Day, Tân Thoi Nhat, Tân Hiep, Hóc Môn**
**Vietnam**
Number Street City State Zip Code

When was the debt incurred?   __2017__

**Who incurred the debt? Check one.**

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

■ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

**Is the claim subject to offset?**

■ No
☐ Yes

■ Other. Specify   Personal guaranty for merchandise delivered to Cong Ty Tn HH MTV My Chan Voung.

---

0040

Case 2:18-bk-11475-RK   Doc 44   Filed 04/04/18   Entered 04/04/18 10:41:47   Desc
Main Document     Page 16 of 40

Debtor 1   **Catherine Michella Trinh**                                     Case number (if know)   **2:18-bk-11475-RK**

| | | |
|---|---|---|
| **4.5** | **David Trinh** | **$340,000.00** |

| Last 4 digits of account number | _____ |

**David Trinh**
Nonpriority Creditor's Name
**301-19E/20 Phurong 14-Quan 8**
**Hochiminh City**
**Vietnam**
Number Street City State Zip Code

Who incurred the debt? Check one.
- ☒ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

Is the claim subject to offset?
- ☒ No
- ☐ Yes

Last 4 digits of account number _____          $340,000.00

When was the debt incurred?   2015

As of the date you file, the claim is: Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☒ Other. Specify   **Personal loan to build and furnish house on 325 W. Las Flores.**

---

| **4.6** | **East West Bank** | **$0.00** |

**East West Bank**
Nonpriority Creditor's Name
**135 N Los Robles Ave**
**Pasadena, CA 91101**
Number Street City State Zip Code

Who incurred the debt? Check one.
- ☒ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

Is the claim subject to offset?
- ☒ No
- ☐ Yes

Last 4 digits of account number   0001          $0.00

When was the debt incurred?   _____

As of the date you file, the claim is: Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☒ Disputed

Type of NONPRIORITY unsecured claim:
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☒ Other. Specify   **Scheduled for notice purposes.**

---

| **4.7** | **Gia Phu, Corporation** | **$1,318,015.00** |

**Gia Phu, Corporation**
Nonpriority Creditor's Name
**4383/1 Nguyen Cuu Phú, Binh Tân,**
**HCM**
**Vietnam**
Number Street City State Zip Code

Who incurred the debt? Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☒ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

Is the claim subject to offset?
- ☒ No
- ☐ Yes

Last 4 digits of account number   _____          $1,318,015.00

When was the debt incurred?   2015-2016

As of the date you file, the claim is: Check all that apply
- ☒ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☒ Other. Specify   **Personal guaranty for merchandise shipped to Ben Lynn Corporation.**

0041

Case 2:18-bk-11475-RK   Doc 44   Filed 04/04/18   Entered 04/04/18 10:41:47   Desc
Main Document   Page 17 of 40

Debtor 1   Catherine Michella Trinh                                          Case number (if know)   2:18-bk-11475-RK

---

| 4.8 | **Jack Lai Trust** | Last 4 digits of account number _____ | **$50,000.00** |

Nonpriority Creditor's Name
**8477 Lavender Way**
**Elk Grove, CA 95624-4216**
Number Street City State Zip Code

When was the debt incurred?   **February, 2018**

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

Is the claim subject to offset?
■ No
☐ Yes

■ Other. Specify   **Personal loan earmarked for personal legal fees.**

---

| 4.9 | **Karen K. Voong** | Last 4 digits of account number _____ | **$10,000.00** |

Nonpriority Creditor's Name
**8621 Orison Ct.**
**Elk Grove, CA 95624-3996**
Number Street City State Zip Code

When was the debt incurred?   **February, 2018**

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

Is the claim subject to offset?
■ No
☐ Yes

■ Other. Specify   **Personal loan earmarked for personal legal fees.**

---

| 4.10 | **Kevin Voong** | Last 4 digits of account number _____ | **$375,000.00** |

Nonpriority Creditor's Name
**325 W. Las Flores**
**Arcadia, CA 91007**
Number Street City State Zip Code

When was the debt incurred?   **2017**

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

Is the claim subject to offset?
■ No
☐ Yes

■ Other. Specify   **Personal loan used for business investment in My Chan Voung.**

---

Case 2:18-bk-11475-RK    Doc 44    Filed 04/04/18    Entered 04/04/18 10:41:47    Desc
Main Document      Page 18 of 40

Debtor 1   Catherine Michella Trinh                                Case number (if known)   2:18-bk-11475-RK

---

**4.1 1**  Long Chuong Neim

Nonpriority Creditor's Name
8693 Festival Dr.
Elk Grove, CA 95624-4572
Number Street City State Zip Code

Who incurred the debt? Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt
Is the claim subject to offset?
■ No
☐ Yes

Last 4 digits of account number _____    $20,000.00

When was the debt incurred?   February, 2018

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Personal loans earmarked for Debtor's legal fees.**

---

**4.1 2**  Lynn Voong

Nonpriority Creditor's Name
10130 Wildhawk Dr.
Sacramento, CA 95829
Number Street City State Zip Code

Who incurred the debt? Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt
Is the claim subject to offset?
■ No
☐ Yes

Last 4 digits of account number _____    $40,000.00

When was the debt incurred?

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Personal loan earmarked for Debtor's attorney fees.**

---

**4.1 3**  Minh Voong

Nonpriority Creditor's Name
10130 Wildhawk Dr.
Sacramento, CA 95829
Number Street City State Zip Code

Who incurred the debt? Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt
Is the claim subject to offset?
■ No
☐ Yes

Last 4 digits of account number _____    $100,000.00

When was the debt incurred?   February, 2018

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Personal loans earmarked for Debtor's state court & bankruptcy counsels' attorney fees.**

---

Case 2:18-bk-11475-RK   Doc 44   Filed 04/04/18   Entered 04/04/18 10:41:47   Desc
Main Document     Page 19 of 40

Debtor 1    Catherine Michelle Trinh                                                      Case number (if known)    **2:18-bk-11475-RK**

---

| 4.1 4 | Ninh Nguyen | Last 4 digits of account number _____ | **$50,000.00** |
|---|---|---|---|

Nonpriority Creditor's Name
**138 Duong Thong Nhat Unit 1**
**Tan Thanh, Quan Tan Phu**
**Ho chiminh, Vietnam**

When was the debt incurred?    **2014**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

Is the claim subject to offset?

■ No

☐ Yes

■ Other. Specify    **Personal loan used to improve 325 W. Las Flores.**

---

| 4.1 5 | Quoc Trinh | Last 4 digits of account number _____ | **$135,000.00** |
|---|---|---|---|

Nonpriority Creditor's Name
**245 Duong Thong Nhat**
**Tan Thanh, Quan Tan Phu**
**Ho chiminh city, Vietnam**

When was the debt incurred?    **2015**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

Is the claim subject to offset?

■ No

☐ Yes

■ Other. Specify    **Personal loan used to improve 325 W. Las Flores.**
**(Lender is not related to debtor)**

---

| 4.1 6 | Samantha Lei | Last 4 digits of account number _____ | **$20,000.00** |
|---|---|---|---|

Nonpriority Creditor's Name
**10130 Wildhawk Dr.**
**Sacramento, CA 95829-6571**

When was the debt incurred?    **February, 2018**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

Is the claim subject to offset?

■ No

☐ Yes

■ Other. Specify    **Personal loan invested by Debtor in Cong ty TNHH MTV My Chang Vuong.**

---

Case 2:18-bk-11475-RK   Doc 44   Filed 04/04/18   Entered 04/04/18 10:41:47   Desc
Main Document      Page 20 of 40

Debtor 1   Catherine Michella Trinh                                  Case number (if known)   **2:18-bk-11475-RK**

---

**4.1 7**

**Sheng-Shaoxing Tuchang**
Nonpriority Creditor's Name
**Knitting Textile Co., Ltd.**
**1st Floor No. 018 Logistic Center**
**Keqio Shaoxing Zhejiang China -**
**CN**
Number Street City State Zip Code
Who incurred the debt? Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim is for a community debt
Is the claim subject to offset?
■ No
☐ Yes

Last 4 digits of account number _____        **$415,201.00**

When was the debt incurred?   **2017**

As of the date you file, the claim is: Check all that apply
■ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Personal guaranty for merchandise**
**shipped to Ben Lynn Corporation.**

---

**4.1 8**

**Slo LLC**
Nonpriority Creditor's Name
**Tony Trinh, Managing Member**
**140 N. Orange Ave.**
**City of Industry, CA 91744**
Number Street City State Zip Code
Who incurred the debt? Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt
Is the claim subject to offset?
■ No
☐ Yes

Last 4 digits of account number _____        **$578,412.47**

When was the debt incurred?   _____

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   _____

---

**4.1 9**

**Susan Niem**
Nonpriority Creditor's Name
**8481 Boicetto Cir**
**Elk Grove, CA 95757-0002**
Number Street City State Zip Code
Who incurred the debt? Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt
Is the claim subject to offset?
■ No
☐ Yes

Last 4 digits of account number _____        **$100,000.00**

When was the debt incurred?   **February, 2018**

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Personal loan for Debtor's investment in**
**My Chang Voung.**

---

0045

Case 2:18-bk-11475-RK    Doc 44    Filed 04/04/18    Entered 04/04/18 10:41:47    Desc
Main Document    Page 21 of 40

Debtor 1    Catherine Michella Trinh                                        Case number (if known)    **2:18-bk-11475-RK**

| | | |
|---|---|---|
| **4.2 0** | **The Trinh Properties LLC** | Last 4 digits of account number _____    **$478,216.00** |

Nonpriority Creditor's Name
**Howard Trinh, Managing Member**    When was the debt incurred? _____
**230 W. Longley Way**
**Arcadia, CA 91007**
Number Street City State Zip Code

**Who incurred the debt? Check one.**    As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only    □ Contingent
- □ Debtor 2 only    □ Unliquidated
- □ Debtor 1 and Debtor 2 only    □ Disputed
- □ At least one of the debtors and another    **Type of NONPRIORITY unsecured claim:**
- □ Check if this claim is for a community debt    □ Student loans
   □ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
**Is the claim subject to offset?**
- ■ No    □ Debts to pension or profit-sharing plans, and other similar debts
- □ Yes    ■ Other. Specify _____

| | | |
|---|---|---|
| **4.2 1** | **Thu Mach** | Last 4 digits of account number _____    **$472,318.42** |

Nonpriority Creditor's Name
**138 Thong Nhat, phuong Tân**    When was the debt incurred? _____
**Thành,**
**Quan Tân Phú**
**Vietnam**
Number Street City State Zip Code

**Who incurred the debt? Check one.**    As of the date you file, the claim is: Check all that apply

- □ Debtor 1 only    ■ Contingent
- □ Debtor 2 only    □ Unliquidated
- □ Debtor 1 and Debtor 2 only    □ Disputed
- ■ At least one of the debtors and another    **Type of NONPRIORITY unsecured claim:**
- □ Check if this claim is for a community debt    □ Student loans
   □ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
**Is the claim subject to offset?**
- ■ No    □ Debts to pension or profit-sharing plans, and other similar debts
- □ Yes    ■ Other. Specify **Personal guaranty for merchandise.**

| | | |
|---|---|---|
| **4.2 2** | **Tony Trinh** | Last 4 digits of account number _____    **$385,000.00** |

Nonpriority Creditor's Name
**3429 Frazier Street**    When was the debt incurred?    **2012**
**Baldwin Park, CA 91706**
Number Street City State Zip Code

**Who incurred the debt? Check one.**    As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only    □ Contingent
- □ Debtor 2 only    □ Unliquidated
- □ Debtor 1 and Debtor 2 only    □ Disputed
- □ At least one of the debtors and another    **Type of NONPRIORITY unsecured claim:**
- □ Check if this claim is for a community debt    □ Student loans
   □ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
**Is the claim subject to offset?**
- ■ No    □ Debts to pension or profit-sharing plans, and other similar debts
- □ Yes    ■ Other. Specify **Personal loan Debtor.**

Case 2:18-bk-11475-RK    Doc 44    Filed 04/04/18    Entered 04/04/18 10:41:47    Desc
Main Document      Page 22 of 40

Debtor 1    Catherine Michella Trinh                                          Case number (if known)    **2:18-bk-11475-RK**

| 4.2 3 | Trinh Vuong Corporation | Last 4 digits of account number _____ | **$345,218.16** |

**Nonpriority Creditor's Name**
241 Thong Nhat, phuong Tân
Thành,
Quan Tân Phú
Vietnam

When was the debt incurred?    **2015**

**Number Street City State Zip Code**

**Who incurred the debt? Check one.**

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

☑ No
☐ Yes

**As of the date you file, the claim is: Check all that apply**

☑ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify    **Personal guaranty for merchandise shipped to Ben Lynn Corporation.**

| 4.2 4 | Vuon hoa My van | Last 4 digits of account number _____ | **$1,450,000.00** |

**Nonpriority Creditor's Name**
320 quoc lo 22, ap Đinh, xã Tân Phú
Trung, Cu Chi
Vietnam

When was the debt incurred?    **2014**

**Number Street City State Zip Code**

**Who incurred the debt? Check one.**

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

☑ No
☐ Yes

**As of the date you file, the claim is: Check all that apply**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify    **Personal loan used for business investment in My Van Garden Corporation.**

| 4.2 5 | Xin Wencai | Last 4 digits of account number _____ | **$265,000.00** |

**Nonpriority Creditor's Name**
222-224 Chi Gang Xi Road
Hai Zhu Dis Guang Zhou
China, 510310

When was the debt incurred?    **2014**

**Number Street City State Zip Code**

**Who incurred the debt? Check one.**

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

☑ No
☐ Yes

**As of the date you file, the claim is: Check all that apply**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify    **Personal loan used for investment in My Van Garden Corporation.**

Case 2:18-bk-11475-RK    Doc 44    Filed 04/04/18    Entered 04/04/18 10:41:47    Desc
Main Document      Page 23 of 40

Debtor 1   Catherine Michelia Trinh

Case number (if known)   2:18-bk-11475-RK

| 4.2 6 | Yuen Pik Chang | | |
|---|---|---|---|

Nonpriority Creditor's Name
5645 Cazadero Way
Sacramento, CA 95822
Number Street City State Zip Code

Who incurred the debt? Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?
■ No
☐ Yes

Last 4 digits of account number _____    $10,000.00

When was the debt incurred?   February, 2018

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   Personal loan used for travel expenses.

**Part 3:   List Others to Be Notified About a Debt That You Already Listed**

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

**Part 4:   Add the Amounts for Each Type of Unsecured Claim**

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

| | | | Total Claim |
|---|---|---|---|
| Total claims from Part 1 | 6a. Domestic support obligations | 6a. $ | 0.00 |
| | 6b. Taxes and certain other debts you owe the government | 6b. $ | 0.00 |
| | 6c. Claims for death or personal injury while you were intoxicated | 6c. $ | 0.00 |
| | 6d. Other. Add all other priority unsecured claims. Write that amount here. | 6d. $ | 0.00 |
| | 6e. Total Priority. Add lines 6a through 6d. | 6e. $ | 0.00 |
| Total claims from Part 2 | 6f. Student loans | 6f. $ | 0.00 |
| | 6g. Obligations arising out of a separation agreement or divorce that you did not report as priority claims | 6g. $ | 0.00 |
| | 6h. Debts to pension or profit-sharing plans, and other similar debts | 6h. $ | 0.00 |
| | 6i. Other. Add all other nonpriority unsecured claims. Write that amount here. | 6i. $ | 8,463,839.22 |
| | 6j. Total Nonpriority. Add lines 6f through 6i. | 6j. $ | 8,463,839.22 |

Official Form 106 E/F      Schedule E/F: Creditors Who Have Unsecured Claims      Page 10 of 10
Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

0048

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
FREDMAN LIEBERMAN PEARL LLP 1875 Century Park East, Suite 2230, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (specify): **DEBTOR CATHERINE TRINH'S THIRD AMENDED
CHAPTER 11 PLAN**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR
5005-2(d); and **(b)** in the manner stated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date)
**January 21, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- Dawn M Coulson    dcoulson@eppscoulson.com, cmadero@eppscoulson.com
- Oscar Estrada    oestrada@ttc.lacounty.gov
- Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- Stella A Havkin    stella@havkinandshrago.com, havkinlaw@earthlink.net;r49306@notify.bestcase.com
- D Edward Hays    ehays@marshackhays.com, 8649808420@filings.docketbird.com
- Sandra Khalili    skhalili@rpblaw.com, maltamirano@rpblaw.com
- Dare Law    dare.law@usdoj.gov
- William Malcolm    bill@mclaw.org, cvalenzuela@mclaw.org
- Robert S Marticello    Rmarticello@swelawfirm.com,
  gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Jordan E Ondatje    jondatje@bkflaw.com, amanzano@bkflaw.com
- Daniel A Rozansky    drozansky@jenner.com, lsaltzman@jenner.com;docketing@jenner.com
- Michael Simon    msimon@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- David Wood    dwood@marshackhays.com, 8649808420@filings.docketbird.com
- Hatty K Yip    hatty.yip@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY UNITED STATES MAIL**:
On (date) **January 21, 2020** I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

Chambers of the Honorable
Robert N. Kwan
United States Bankruptcy Court
255 E. Temple Street, Suite 1682
Los Angeles, CA 90012

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method
for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ___, I served the following persons
and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service
method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal
delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 21, 2020 | ADELAIDA FLORES | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-2
Case 2:18-bk-11475-RK
Central District of California
Los Angeles
Tue Jan 21 14:56:00 PST 2020

Cong Ty May Vietmy
27 Do Van Day, Than Thoi Nhat
Tan Hiep, Hoc Mon
Vietnam

Resch Polster & Berger LLP
1840 CENTURY PARK EAST
17TH FLOOR
LOS ANGELES, CA 90067-2118

Ca Voong
88 Muth Dr.
Orinda, CA 94563-2819

East West Bank
135 N Los Robles Ave
Pasadena, CA 91101-1758

Jack Lai Trust
8477 Lavender Way
Elk Grove, CA 95624-4216

Long Chuong Neim
8693 Festival Dr.
Elk Grove, CA 95624-4572

Ninh Nguyen
138 Duong Thong Nhat Unit 1
Tan Thanh, Quan Tan Phu
Ho chiminh, Vietnam

Ronald P Slates, A Professional Corporation
500 South Grand Ave., Suite 2010
Los Angeles, CA 90071-2606

Baldwin Sun Inc.
140 N. Orange Avenue
La Puente, CA 91744-3431

East West Bank
C/O MALCOLM CISNEROS
2112 BUSINESS CENTER DRIVE
IRVINE, CA 92612-7135

LEA Accountancy, LLP
3435 Wilshire Boulevard
Suite 990
Los Angeles, CA 90010-1998

Sheng-Shaoxing Tuchang Kitting Textile Co.,
1st Floor No. 018
Logistic Center
Kegio Shaoxing Zeijlang China

Cong ty may Viet my, Inc.
27 Do Van Day, Tan Thoi Nhat, Tan
Hiep, Hoc Mon
Vietnam

Gia Phu, Corporation
4383/1 Nguyen Cuu Phu, Binh Tan,
HCM
Vietnam

Karen K. Voong
8621 Orison Ct.
Elk Grove, CA 95624-3996

Lynn Voong
10130 Wildhawk Dr.
Sacramento, CA 95829-6571

Quoc Trinh
245 Duong Thong Nhat
Tan Thanh, Quan Tan Phu
Ho chiminh city, Vietnam

SIO, LLC
Tony Trinh, Managing Member
140 N. Orange Ave.
City of Industry, CA 91744-3431

Blanchard, Krasner & French
800 Silverado Street
2nd Floor
La Jolla, CA 92037-4234

Epps & Coulson, LLP
707 Wilshire Blvd.
Suite 3000
Los Angeles, CA 90017-3565

(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

David Trinh
301E/20 Phurong 14-Quan 8
Hochiminh City
Vietnam

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Kevin Voong
325 Las Flores Ave
Arcadia CA 91007-8228

Minh Voong
10130 Wildhawk Dr.
Sacramento, CA 95829-6571

Ronald P Slates
500 South Grand Ave., Suite 2010
Los Angeles, CA 90071-2606

Samantha Lei
10130 Wildhawk Dr.
Sacramento, CA 95829-6571

Second Generation
c/o David Boren, Esq.
10940 Wilshire Blvd.,
Suite 1600
Los Angeles, CA 90024-3910

Second Generation, Inc.
4433 Pacific Boulevard
Vernon, CA 90058-2205

Sheng-Shaoxing Tuchang
Knitting Textile Co., Ltd.
1st Floor No. 018 Logistic Center
Keqio Shaoxing Zhejiang China - CN

Susan Niem
8481 Bolcetto Cir
Elk Grove, CA 95757-0002

The Trinh Properties, LLC
Howard Trinh, Managing Member
230 W. Longley Way
Arcadia, CA 91007-8527

Thu Mach
138 Thong Nhat, Phuong Tan Thanh,
Quan Tan Phu
Vietnam

Tony Trinh
3429 Frazier Street
Baldwin Park, CA 91706-4708

Trinh Vuong
241 Thong Nhat, Phuong Tan Thanh,
Quan Tan Phu
Vietnam

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Vuon hoa My van
320 Quoc Lo 22, Ap Dinh,Xa Tan Phu
Trung, Cu Chi
Vietnam

Wesley H. Avery, Chapter 7 Trustee
c/o Marshack Hays LLP
870 Roosevelt
Irvine, CA 92620-3663

Xin Wencai
222-224 Chi Gang Xi Road
Hai Zhu Dis Guang Zhou
China, 510310

Yuen Pik Chang
5645 Cazadero Way
Sacramento, CA 95822-3105

Kevin Voong
Epps & Coulson, LLP
707 Wilshire Blvd.
Suite 3000
Los Angeles, CA 90017-3565

Philip Kaufler
The Law Office of Philip Kaufler
8383 Wilshire Boulevard  Suite 830
Beverly Hills, CA 90211-2445

Wesley H, Avery
758 E. Colorado Blvd.
Suite 210
Pasadena, CA 91101-5407

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

LOS ANGELES COUNTY TREASURER AND TAX COLLECT
PO BOX 54110
LOS ANGELES, CA 90054-0110

INTERNAL REVENUE SERVICE
300 N LOS ANGELES STREET
MS 5022
LOS ANGELES, CA  90012

(d)LOS ANGELES COUNTY TREASURER AND TAX COLLE
PO BOX 54110
LOS ANGELES CA 90054-0110

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

(u)Gia Phu Inc.
27 Do Van Day, Than Thoi Nhat
Tan
Hiep, Hoc Mon
Vientam

(u)Second Generation, Inc.

(d)Baldwin Sun, Inc.      (d)Blanchard, Krasner & French    (d)Resch Polster & Berger LLP
140 N. Orange Ave       800 Silverado Street, 2nd Floor    1840 Century Park East, 17th Floor
La Puente, CA 91744-3431     La Jolla, CA 92037-4234      Los Angeles, CA 90067-2118


End of Label Matrix
Mailable recipients    47
Bypassed recipients     6
Total                  53