**SMILEY WANG-EKVALL, LLP**
Robert S. Marticello, State Bar No. 244256
*rmarticello@swelawfirm.com*
Michael L. Simon, State Bar No. 300822
*msimon@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:    714 445-1000
Facsimile:    714 445-1002

Attorneys for Howard Grobstein, Plan Trustee



FILED & ENTERED

JUL 30 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| In re | Case No. 2:18-bk-11475-RK |
|---|---|
| CATHERINE TRINH, | Chapter 11 |
| Debtor. | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXTEND DEADLINE TO COMMENCE LITIGATION**<br><br>**Hearing (via Zoom for Government):**<br>DATE: July 27, 2021<br>TIME: 2:00 p.m.<br>CTRM: 1675<br>         Edward R. Roybal Federal<br>         Building and Courthouse<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |

On June 8, 2021, Howard Grobstein, the plan trustee (the "Plan Trustee") of the post-confirmation plan trust (the "Plan Trust") established in the above-captioned case of Catherine Trinh, filed and served the *Motion to Extend Deadline to Commence Litigation* [Docket No. 626] (the "Motion") and a notice of the Motion [Docket No. 627] (the "Notice"). No opposition to or request for hearing on the Notice or Motion was filed or served. *See Declaration That No Party Requested a Hearing On Motion* [Docket No. 640] ("Declaration of Non-Opposition").

2877881.1

1

ORDER

On June 30, 2021, the Court entered the *Order Setting Hearing on Plan Trustee's Motion to Extend Deadline to Commence Litigation and Tentative Ruling* [Docket No. 643], through which the Court set a hearing on the Motion for July 13, 2021.  On July 9, 2021, the Plan Trustee filed and served the *Supplemental Brief In Response to Order Setting Hearing on Plan Trustee's Motion to Extend Deadline to Commence Litigation* [Docket No. 648] (the "Supplemental Brief"). At the July 13, 2021 hearing on the Motion, the Court continued the hearing to July 27, 2021.  On July 23, 2021, the Plan Trustee filed and served the *Further Supplemental Brief In Support of Plan Trustee's Motion to Extend Deadline to Commence Litigation* [Docket No. 658] (together with the Supplemental Brief, the "Supplemental Briefs").

Having reviewed the Notice, the Motion, the Declaration of Non-Opposition, and the papers filed in support thereof, including the Supplemental Briefs, and finding that service and notice of the Motion were proper and that no further or additional notice need be given, and having considered the oral argument of counsel at the hearings and finding good cause to enter the following order:

IT IS ORDERED that:

1. The Motion is granted in part and denied in part for the reasons set forth in the tentative ruling for the July 27, 2021 hearing posted online on the Court's website before the hearing, a copy of which is attached hereto as Exhibit "1";

2. The deadline for the Plan Trustee to commence adversary proceedings to allege claims subject to deadlines under 11 U.S.C. §§ 546 and 549 is extended to and including December 6, 2021 without prejudice to the Plan Trustee's rights to seek further extensions of the deadlines under 11 U.S.C. §§ 546 and 549; and

///
///
///
///

2877881.1

2

ORDER

3. The Motion's request to extend the deadlines to commence actions to allege non-bankruptcy claims subject to deadlines under 11 U.S.C. § 108(a) is denied without prejudice to the Plan Trustee's rights under applicable non-bankruptcy law, including the doctrine of equitable tolling, to commence actions to allege non-bankruptcy claims.

IT IS SO ORDERED.

###

Date: July 30, 2021

_____
Robert Kwan
United States Bankruptcy Judge

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2877881.1

3

ORDER

# United States Bankruptcy Court
## Central District of California
Los Angeles
**Judge Robert Kwan, Presiding**
**Courtroom 1675 Calendar**

---

**Tuesday, July 27, 2021**                                                                 Hearing Room    **1675**

---

2:00 PM
**2:18-11475    Catherine Trinh**                                                                                    **Chapter 11**

#10.10    Cont'd hearing re: Motion to extend deadline to commence litigation
fr. 7/13/21

Docket    626

**Tentative Ruling:**

Updated tentative ruling as of 7/26/21.  Grant in part and deny in part the plan trustee's motion to extend deadline to commence litigation.  First, grant the motion in part and extend the deadlines to file adversary proceedings to allege claims subject to deadlines under 11 U.S.C. §§ 546 and 549 to December 6, 2021 pursuant to the authority of the court to extend such deadlines for cause pursuant to Federal Rule of Bankruptcy Procedure 9006(b).  In re International Administrative Services, Inc., 408 F.3d 689 (11th Cir. 2005); In re Fundamental Long Term Care, Inc., 501 B.R. 784, 787-791 (Bankr. M.D. Fla. 2013).  Cause is shown under FRBP 9006(b) that the plan trustee only assumed his duties when the plan trust was created on the effective date of the confirmed plan of reorganization in this case confirmed on January 29, 2021, and the court determines that the plan trustee's request for an extension of the deadlines for six months is reasonable because only having recently assumed his duties, he needs more time to independently review the claims and causes of action held by the plan trust to administer the plan trust for the benefit of creditors.  Second, deny the motion in part and not extend the deadlines to file actions to allege claims subject to deadlines under 11 U.S.C. § 108(a) because the court does not have authority to extend such deadlines which are expressly governed by nonbankruptcy law, and is not subject to extension pursuant to Federal Rule of Bankruptcy Procedure 9006(b) which is applicable to deadlines set by the FRBP and court orders.  In re Health Support Network, Inc., Case No. 8:15-bk-10966-MGW, 2018 WL 1621027 (Bankr. M.D. Fla. Mar. 30, 2018), slip op. at *2-3; but see, In re Campbellton-Graceville Hospital Corp., 616 B.R. 177, 186-189 (Bankr. M.D. Fla. 2019) (expressing a contrary view in dicta).  11 U.S.C. §108(a) provides that if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding or an agreement fixes a period which the debtor may commence an action, and such period had not expired before the petition was filed, the trustee may commence such action only before the later of such period,

# United States Bankruptcy Court
## Central District of California
Los Angeles
**Judge Robert Kwan, Presiding**
**Courtroom 1675 Calendar**

**Tuesday, July 27, 2021**                                                                                   Hearing Room    1675

**2:00 PM**
**CONT...        Catherine Trinh                                                                              Chapter 11**

including any suspension of such period on or occurring after the commencement of the case or two years after the order for relief.  Thus, the trustee is given a two year extension of time to commence litigation on nonbankruptcy law claims, or if the time period under applicable nonbankruptcy law has not expired, whichever is later.   The court disagrees with the plan trustee's proposition that the deadlines under 11 U.S.C. §108(a) may be extended as necessary to carry out the provisions of the Bankruptcy Code pursuant to 11 U.S.C. §105(a), arguing that the purpose of 11 U.S.C. § 108(a) "to give the trustee or debtor sufficient time to decide whether to start a lawsuit," citing, Seawinds v. Nedlloyd Lines, B.V., 80 B.R. 181, 189 (N.D. Cal. 1987)(dicta as court found 11 U.S.C. §108(a) inapplicable in that case).  The statute carries out that purpose by providing an automatic two year extension for the trustee to make such decision or more time, if the limitations period under applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding or an agreement has not otherwise expired.  But for the two year initial extension of the limitations period to commence actions on nonbankruptcy law claims, 11 U.S.C. §108(a) does not authorize any other extensions of the deadlines, stating that the deadlines are fixed by applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding or an agreement.  Allowance of an extension of the deadlines under 11 U.S.C. § 108(a) as requested by the plan agent would contravene the express command of the statute that the deadlines are fixed by applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding or an agreement.  Law v. Siegel, 571 U.S. 415, 421 (2014) ("In exercising those statutory [i.e., 11 U.S.C. § 105(a)] and inherent powers, a bankruptcy court may not contravene specific statutory provisions.").  The plan trustee's reliance on the Eleventh Circuit's opinion in International Administrative Services as supporting his position is misplaced because the court in that case did not address 11 U.S.C. §108(a).  The suggestion by the court in Campbellton-Graceville Hospital Corp. that the International Administrative Services opinion should not be read narrowly to preclude extensions of the deadlines under 11 U.S.C. §108(a) as held by the court in Health Support Network is only that, a suggestion.  As to whether the rationale of International Administrative Services may apply to 11 U.S.C. §108(a) in that nonbankruptcy law claims may be brought by adversary proceedings pursuant to Federal Rules of Civil Procedure 7001 and 7003, and therefore the deadlines under 11 U.S.C. §108(a) may be extended if such claims are brought by adversary

# United States Bankruptcy Court
## Central District of California
Los Angeles
**Judge Robert Kwan, Presiding**
**Courtroom 1675 Calendar**

---

**Tuesday, July 27, 2021**　　　　　　　　　　　　　　　　　　　　　　　　**Hearing Room    1675**

---

**2:00 PM**
**CONT...    Catherine Trinh**　　　　　　　　　　　　　　　　　　　　　　　**Chapter 11**

proceedings as suggested by the court in Campbellton-Graceville Hospital Corp., the court disagrees as one, the Eleventh Circuit never addressed 11 U.S.C. § 108(a) in International Administrative Services; two, the standard for fixing the limitations periods under 11 U.S.C. §108(a) is governed by nonbankruptcy law, and application of Federal Rule of Bankruptcy Procedure 9006(b) for such an extension would conflict with the express statutory standard of 11 U.S.C. §108(a) of nonbankruptcy law; three, it would not be for this court to make such extension under 11 U.S.C. §108(a) since the statutory language refers only to applicable nonbankruptcy law, orders entered in a nonbankruptcy proceeding (i.e., orders by a court other than the bankruptcy court) or an agreement, see, In re Health Support Network, Inc., slip op. at * 2-3, and there is no binding authority in the Ninth Circuit on the issue, so the court is inclined to adhere to the express statutory language of 11 U.S.C. § 108(a) which provides that nonbankruptcy law governs the fixing of the time periods under 11 U.S.C. 108(a) other than the two-year automatic extension.

Appearances are required on 7/27/21, but counsel and self-represented parties must appear through Zoom for Government in accordance with the court's remote appearance instructions.

Prior tentative ruling as of 7/10/21.  The court set forth its tentative ruling in the order entered on 6/30/21 indicating that based on In re Health Support Network, Inc., 2018 WL 1621027 (Bankr. M.D. Fla. 2019), the court lacks authority to extend the statute of limitations on nonbankruptcy state law claims pursuant to FRBP 9006(b) and 11 U.S.C. 108 as requested by the plan trustee, but indicated that cause shown for granting a limited extension under FRBP 9006(b) as to claims subject to the statute of limitations under 11 U.S.C. 546(a).  Having reviewed the plan trustee's supplemental brief in response to the tentative ruling arguing that In re Health Support Network, Inc., misinterprets In re International Administrative Services, Inc., 408 F.3d 689 (11th Cir. 2005) which held that FRBP 9006(b) may support enlargement of deadlines for filing adversary proceedings subject to the Federal Rules of Bankruptcy Procedure.  The extension of deadlines permitted under 11 U.S.C. 108 refers to applicable nonbankruptcy law, not the FRBP or an order of the court as permitted under FRBP 9006(b).  The court thus respectfully disagrees with the plan trustee that the court in In re Health Support Network

# United States Bankruptcy Court
# Central District of California
Los Angeles
**Judge Robert Kwan, Presiding**
**Courtroom 1675 Calendar**

---

**Tuesday, July 27, 2021**         **Hearing Room   1675**

---

2:00 PM
**CONT...**   **Catherine Trinh**   **Chapter 11**

misinterpreted 11 U.S.C. 108 and FRBP 9006 because his analysis does not account for the statutory language of 11 U.S.C. 108 that recognizes that the deadlines for the assertion of nonbankruptcy law claims are either two years after the order for relief or the end of the period under applicable nonbankruptcy law, which are otherwise matters of applicable nonbankruptcy law, and not matters of the FRBP or by order of the bankruptcy court.  That other courts have allowed extensions of the deadlines under 11 U.S.C. 108 pursuant to FRBP 9006 in uncontested proceedings or without legal analysis does not make it right.  Thus, the court in In re Health Support Network was right in not allowing an extension of deadlines under 11 U.S.C. 108 as to nonbankruptcy causes of action pursuant to FRBP 9006(b) under In re International Administrative Services after allowing it in a prior decision in In re Fundamental Long Term Care, Inc., 501 B.R. 784 (Bankr. M.D. Fla. 2013).  It is better to "'fess up" and confess error than continuing to make it.  It may well be that there may be a remedy under applicable nonbankruptcy law, such as equitable tolling, as to extending deadlines in filing potential nonbankruptcy law claims that the estate possessed for purposes of 11 U.S.C. 108, but the court cannot extend such deadlines for a period of time based on FRBP 9006(b) as requested by the plan trustee, even if no one else objects. Appearances are required on 7/13/21, but counsel and self-represented parties must appear through Zoom for Government in accordance with the court's remote appearance instructions.

| Party Information |
|---|

**Debtor(s):**

    Catherine  Trinh                            Represented By
                                                        Alan W Forsley
                                                        Philip  Kaufler
                                                        Steven R Fox