FILED & ENTERED

MAY 31 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY llewis    DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>CATHERINE TRINH,<br><br>              Debtor. | Case No. 2:18-bk-11475-RK<br><br>Chapter 11<br><br>**SEPARATE STATEMENT OF DECISION ON MOTION OF RESPONDENT CATHERINE TRINH TO QUASH DOCUMENT SUBPOENAS, OR IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**<br><br><u>Hearing</u><br>Date:  May 26, 2022<br>Time:  11:00 a.m.<br>Place:  Courtroom 1675<br>(and via ZoomGov)<br>    Roybal Federal Building<br>    255 East Temple Street<br>    Los Angeles, CA 90012 |

TO HOWARD GROBSTEIN, PLAN TRUSTEE, MOVANT, CATHERINE TRINH AND KEVIN VOONG, RESPONDENTS, AND THEIR COUNSEL OF RECORD, AND INTERESTED PARTIES:

    The court hereby provides this separate statement of decision to explain its rulings on the motion of Respondent Catherine Trinh to quash subpoenas, or in the alternative, for a protective order.

In this case, the court issued an order to show cause to Respondents Catherine Trinh and Kevin Voong to appear and show cause why they should not be held in contempt upon the motion of the Plan Trustee with respect to four actions alleged to be in violation of the court's orders in this case, including the plan confirmation order and the automatic stay, specifically: (1) failure to promptly turn over the Las Flores residence, property of the estate, required by plan confirmation order; (2) postconfirmation vandalism of the Las Flores property; (3) unauthorized postpetition lease out of the Las Flores residence to a third party in violation of stay; and (4) unauthorized sale or transfer of the estate's interest in the BBV limited liability company. Finding that the Plan Agent made a *prima facie* showing for issuance of the order to show cause pursuant to Local Bankruptcy Rule 9020-1, the court issued an order to show cause to respondents and set an expedited evidentiary hearing on the order to show cause for May 31, 2022. On May 5, 2022, the Plan Agent served subpoenas on third parties for production of documents on May 19, 2022 for discovery pursuant to Federal Rule of Civil Procedure 45, made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 9016.

On May 24, 2022, Respondent Catherine Trinh filed a motion to quash the subpoenas or for protective order on grounds of privilege based on California privacy law and overbreadth, and the court conducted a hearing on the motion to quash on shortened notice on May 26, 2022. Having heard from the parties at the hearing on May 26, 2022, the court overruled the objection based on privilege under California privacy law because in this case to determine a federal question, privilege is governed under federal common law, which was not shown to encompass California privacy law, pursuant to Federal Rule of Evidence 501, but sustained the objection that the subpoenas were overbroad and burdensome as all but two of the subpoenas sought information not related to facts at issue in this contested matter of the order to show cause re: contempt, that is, the four alleged acts in violation of the court's orders which were cited by the Plan Agent as the

basis for contempt.[1]  Counsel for the Plan Trustee acknowledged that not all of the document production requests in the subpoenas were relevant to these four alleged acts, that is, some requests were intended to discover other acts by respondents in addition to those identified in the contempt motion and the order to show cause, which might also constitute contempt of court.  The court overruled the Plan Agent's objection that Respondent Trinh lacked standing to object to production of subpoenaed documents of the nonparties. The court also stated that alternatively, the subpoenas should be quashed because the time for production of the subpoenaed documents was unreasonable because they did not meet the 30-day time period of Federal Rule of Civil Procedure 34 for response to a document production request.  See Federal Rule of Civil Procedure 34(b)(2)(A)

"The purpose of a subpoena duces tecum is to compel the production of documents or things relevant to the facts in issue in a pending judicial proceeding."  9A Wright and Miller, *Federal Practice and Procedure, Civil* (3d ed.) § 2456 (online edition, April 2022 update), *citing inter alia, United States v. Santiago-Lugo,* 904 F. Supp. 43 (D. Puerto Rico 1995) (citing text).  "The subpoena duces tecum is the only way to compel a nonparty to produce documents or other materials." *Id*.  Many of the document production requests in the Plan Agent's subpoenas were not relevant to the facts in issue in the pending contempt proceeding, that is, whether either respondent or both of them: (1) failed to promptly turn over the Las Flores property; (2) were responsible for the vandalism of the Las Flores property; (3) made an unauthorized lease of the Las Flores property to a third party; and (4) made an unauthorized sale or transfer of the estate's interest in BBV.  These document production requests sought discovery of facts not relevant to the facts in issue before the court in this contempt proceeding in order for the Plan Agent to assert new claims against the respondents, which is not a proper purpose for such discovery.  Thus, it appeared to

---

[1] The court ruled that the two subpoenas to the escrow companies for documents relating to the sale of real property owned by BBV, which related to the unauthorized sale or transfer of the estate's interest in BBV, were not overbroad because the information is relevant to the facts in issue in this contempt proceeding.

-3-

the court that the subpoenas were overbroad and "abusively drawn," *Mattel, Inc. v. Walking Mountain Productions,* 353 F.3d 792, 813 (9th Cir. 2003), because they sought discovery of documents not "relevant to the facts in issue" in this judicial proceeding, 9A Wright and Miller, *Federal Practice and Procedure, Civil* (3d ed.) § 2456, and "[n]o attempt had been made to tailor the information request to the immediate needs of the case," *Mattel, Inc. v. Walking Mountain Productions,* 353 F.3d at 813.  In *Mattel, Inc. v. Walking Mountain Productions,* the Ninth Circuit affirmed the district court's decision granting a nonparty witness's motion to quash a document subpoena as overbroad demanding production of documents relating to its own internal policies and practices that had no bearing on the litigation between the parties.  353 F.3d at 813.  In that case, the Ninth Circuit also upheld the finding of the district court that the subpoena at issue was "served for the purpose of annoying and harassment and not really for the purpose of getting information." *Id.* at 813-814.

    *Mattel, Inc. v. Walking Mountain Productions* is instructive here because it is case precedent that stands for the proposition that a document subpoena to a nonparty witness may be quashed if it is overbroad in seeking information that had no bearing on the litigation between the parties, although the court does not consider this case to be a situation that the purpose of the subpoenas is to annoy or harass.  Here, the Plan Agent's purpose of the intended discovery was to gather information not relevant to the specific facts in issue in the pending contempt proceedings as identified in the Plan Agent's motion and the court's order to show cause, but of different facts to establish new claims that he could assert against respondents.  As the court explained at the hearing on the motion to quash, the Plan Agent's motion for an order to show cause and the court's order to show cause issued thereon had put the respondents on notice of what were the facts in issue that were relevant why they should be held in contempt, and it would offend due process

for the Plan Agent to assert new facts and claims against them based on the overbroad discovery that he is taking. [2]

Regarding the Plan Agent's objection to Respondent Trinh's standing to make the motion to quash the document subpoenas to the nonparties for their records, the court notes that Wright and Miller on the subject of standing to quash subpoenas has stated:

> A motion to quash, or for a protective order, should be made by the person from whom the documents, things, or electronically stored information are requested. Numerous cases have held that a party lacks standing to challenge a subpoena absent a showing that the objecting party has a personal right or privilege regarding the subject matter of the subpoena.

9A Wright and Miller, *Federal Practice and Procedure, Civil* (3d ed.) § 2463.1, *citing inter alia, Brown v. Braddick,* 595 F.2d 961, 967 (5th Cir. 1979) (citing text).

However, the court has broad discretion to control of discovery in civil proceedings pursuant to Federal Rule of Civil Procedure 26(b)(1) and (2), which are made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7026 and 9014. Regarding the scope of discovery, Federal Rule of Civil Procedure 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering theimportance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within the scope of discovery need not be admissible in evidence to be discoverable.

*See also,* Phillips and Stevenson *Rutter Group Practice Guide: Federal Civil Procedure Before Trial, California & Ninth Circuit Edition*, ¶ 11:540 (online edition, April 2022 update) ("Notwithstanding the parties 'right to discovery' generally, courts have the power to limit the frequency or extent of any discovery method. [FRCP 26(b)(1), (2); see *Myers v.*

---

[2] This court generally respects zealous advocacy of counsel, but in this case, it was overzealous advocacy. This is perhaps ironic because as counsel for respondents represented at the hearing on the motion to quash and the status conference in this proceeding on May 26, 2022, their requests to counsel for the Plan Trustee to continue the hearing on the order to show cause so they could take discovery were refused on grounds that such discovery was "unnecessary."

-5-

*Prudential Ins. Co. of America* (ED TN 2008) 581 F.Supp.2d 904, 913—'Much of discovery is a fishing expedition of sorts, but the Federal Rules of Civil Procedure allow the courts to determine the pond, the type of lure, and how long the parties can leave their lines in the water']").

Phillips and Stevenson in their treatise further observe:

> As an alternative to seeking a protective order, a party may object to a discovery request and oppose a motion to compel on the following grounds, or the court may act upon its own initiative after reasonable notice if it determines that:
>
> • the discovery is unreasonably cumulative or duplicative;
> • the discovery can be obtained from some other source that is more convenient, less burdensome or less expensive;
> • the party seeking discovery has had ample opportunity to obtain the information by discovery;
>   or
> • the proposed discovery is outside the scope of Rule 26(b)(1) (including the "proportionality" factors listed therein). [FRCP 26(b)(2)(C)].

Phillips and Stevenson *Rutter Group Practice Guide: Federal Civil Procedure Before Trial, California & Ninth Circuit Edition,* ¶ 11:543, *citing,* Federal Rule of Civil Procedure 26(b)(1) and (b)(2)(C)..

Federal Rule of Civil Procedure 26(b)(2)(C)(iii) applies here. It provides: "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

Because many of the document production requests in the Plan Agent's document subpoenas seek information not relevant to the facts in issue in this contempt proceeding, such discovery is outside the scope permitted by Civil Rule 26(b)(1). Thus, either respondents could bring a motion to limit such discovery, or the court on its own motion could limit such discovery. Thus, the court finds that Respondent Trinh has standing to object and move to quash the subpoenas seeking nonrelevant information outside the scope of discovery permitted under Civil Rule 26(b)(1) pursuant to Civil Rule

26(b)(2)(C)(iii), irrespective of whether she has standing to assert a privilege in the records of the subpoenaed third parties.  Alternatively, the court on its own could limit the discovery beyond the scope of discovery under Civil Rule 26(b)(1) by quashing the documents subpoenas for nonrelevant information pursuant to Civil Rule 26(b)(2)(C)(iii).

Regarding the court's alternative ruling that the document subpoenas should be quashed because the time for production was not reasonable in conformance with Federal Rule of Civil Procedure 34 mandating 30 days for response, the rule governing the time for compliance with a document subpoena is Federal Rule of Civil Procedure 45(d)(3)(A)(i), which is made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 9014 and 9016.  Federal Rule of Civil Procedure 45(d)(3)(A)(i) states: "On timely motion, the court for the district court where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; . . ."

Regarding the time for compliance with a subpoena under Civil Rule 45(d)(3)(A)(i), Wright and Miller comment: "Although Rule 45(d)(3)(A)(i) does not specify what constitutes a reasonable length of time for compliance with a subpoena, reasonableness seems to be related to the extent of the materials requested and the other underlying circumstances of the particular case.  Thus, the provision affords the district judge considerable flexibility and discretion." 9A Wright and Miller, *Federal Practice and Procedure, Civil* (3d ed.) § 2463.1 (footnote omitted), *citing inter alia, In re Malyugin,* 310 F.Supp.3d 3 (D. D.C. 2018); *Ott v. City of Milwaukee*, 274 F.R.D. 238 (E.D. Wis. 2011) and *Freeport McMoran Sulphur, LLC. v. Mike Mullen Energy Equipment Resource, Inc.,* No. Civ. A.03-1496, 2004 WL 595236 (E.D. La. Mar. 23, 2004).  One court has observed that "[a]lthough Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable in light of the language of Rule 45(c)(2)(B) [now Rule 45(d)(2)(B) providing that a party subpoenaed to produce documents may object 'before the earlier of the time specified for compliance or 14 days after the subpoena is served']." *In re Rule 45 Subpoena Issued to Cablevision Systems Corporation Regarding IP Address*

*69.120.35.21,* No. MISC 08-347 (ARR)(MDG), 2010 WL 2219343 (E.D. N.Y. Feb. 5, 2010), slip op. at *5 (citing collected cases).  In *Freeport McMoran Sulphur, LLC. v. Mike Mullen Energy Equipment Resource, Inc.,* the court suggested that "On its face, the 14-day time period cannot be held to be unreasonable. Rather, reasonableness of the time allowed for compliance seems to be judged depending on the underlying circumstances."   No. Civ. A.03-1496, 2004 WL 595236, slip op. at *9.  Thus, it appears that as Wright and Miller have stated based on its survey of the case law, reasonable time for compliance under Rule 45 on a particular document subpoena "seems to be related to the extent of the materials requested and the other underlying circumstances of the particular case" as opposed to a set time period, such as 14 days or 30 days.  9A Wright and Miller, *Federal Practice and Procedure, Civil* (3d ed.) § 2463.1. [3]   In light of the court's ultimate rulings that the Plan Agent's document subpoenas should be quashed as overbroad, except as to the subpoenas to the escrow companies for documents relating to the BBV real estate sale transaction, the alternative ruling that the subpoenas should be quashed based on lack of reasonable time for compliance is superfluous and should be withdrawn. The alternative ruling should also be withdrawn on grounds that it is incorrect to state that the time for compliance should be 30 days as provided for response to a Rule 34 document production request as Rule 45 does not specify an exact time for compliance with a document subpoena as the time must be reasonable, which is dependent on the circumstances of the particular case.

///

///

///

---

[3]   In footnote 12 of the text, Wright and Miller cited to fourteen decisions pertaining to "reasonable time" for compliance with a subpoena under Civil Rule 45(d)(3)(A)(i). 9A Wright and Miller, *Federal Practice and Procedure, Civil* (3d ed.) § 2463.1. All fourteen decisions were trial court decisions, of which only three were published decisions and the other twelve were unpublished decisions. The decisions are dependent on the specific facts of the case, which is consistent with the absence of a specific deadline under the rule and the language of the rule leaving it to the courts and the parties to determine the reasonableness of the time for compliance in any given case.

By separate order, the court will grant in part Respondent Trinh's motion to quash the Plan Agent's document subpoenas, except as to the document subpoenas to the escrow companies, and as to those latter subpoenas, the court will deny the motion in part.

IT IS SO ORDERED.

###

Date: May 31, 2022

_____
Robert Kwan
United States Bankruptcy Judge